## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MISSOURI
## EASTERN DISTRICT

| | | |
|---|---|---|
| D.P., LEGAL GUARDIAN FOR JANE DOE | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| vs. | ) | JURY TRIAL DEMANDED |
| | ) | |
| GASCONADE COUNTY, MISSOURI, | ) | |
| | ) | |
| Serve Clerk of County Commission: | ) | |
| 119 East First Street | ) | |
| Room 2 | ) | |
| Hermann, Missouri 65041 | ) | |
| | ) | |
| HERMANN POLICE DEPARTMENT, | ) | |
| | ) | |
| Serve at: | ) | |
| 1902 Jefferson Street | ) | |
| Hermann, Missouri 65041 | ) | |
| | ) | |
| ROSEBUD POLICE DEPARTMENT, | ) | |
| | ) | |
| Serve at: | ) | |
| 307 North Cedar Street | ) | |
| Rosebud, Missouri 63091 | ) | |
| | ) | |
| RANDY EPHORST, individually, | ) | |
| | ) | |
| Serve at: | ) | |
| 119 East First Street | ) | |
| Room 22 | ) | |
| Hermann, Missouri 65041 | ) | |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Serve at: | ) | |
| Hold Service | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, Jane Doe, by and through her legal guardian, Plaintiff D.P., bringing suit under a fictitious name, by and through her attorneys of record, and states as follows:

## INTRODUCTION

1.      Defendants violated (a) the Americans with Disabilities Act, 42 U.S.C. § 12132; (b) the Rehabilitation Act, 42 U.S.C. §794a; and (c) the Civil Rights Act of 1871, 42 U.S.C. §1983.

2.      Plaintiff on behalf of Jane Doe is filing a concurrent motion for leave to proceed under a pseudonym to protect her legitimate privacy interests and to protect her and her family from unwanted public intrigue.

## PARTIES

3.      Jane Doe is a 25-year-old mentally incapacitated woman who is bringing this action by and through her legal guardian, D.P.

4.      Jane Doe (hereinafter "Plaintiff") is now and was at all times herein mentioned totally incapacitated and totally disabled by reason of her mental condition.

5.      Jane Doe is a citizen of the United States of America and of the State of Missouri, who was at all times herein mentioned a resident of Gasconade County, State of Missouri in the Eastern District of Missouri.

6.      Defendant Gasconade County is a political subdivision in the State of Missouri located in east-central Missouri.

7.      Defendant Hermann Police Department is a police department located in Hermann, Missouri.

8.      Defendant Rosebud Police Department is a police department located in Rosebud, Missouri.

2

9.      Defendant Sheriff Randy Esphorst, in his individual capacity, was at all times relevant to the counts in this Complaint a citizen of the United States of America and a resident of Gasconade County, Missouri in the Eastern District of Missouri.

10.     John Doe will be identified through discovery, but is not presently known.

## JURISDICATION AND VENUE

11.     This action is brought under 42 U.S.C. §§§ 12132, 794a, and 1983.

12.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

13.     Additionally, this Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

14.     That all Defendants are residents of the State of Missouri and reside within the Eastern District of Missouri.  Therefore, venue is proper in the Eastern District of Missouri under 28 U.S.C. § 1391(b)(1) and E.D. Mo. L.R. 3-2.07(B)(2).

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

15.     That on or about January 29, 2012, Gasconade County Deputy Sheriff Marty Rainey took a report of Jane Doe's family's vehicle being vandalized at Jane Doe's house.

16.     That on or about January 29, 2012, Deputy Sheriff/Officer Marty Rainey, while performing his duties as a deputy sheriff, came into contact with Jane Doe regarding the aforementioned police report call to her home and obtained her address and telephone contact information.

17.     That on or about January 29, 2012, Deputy Sheriff/Officer Marty Rainey became immediately aware that Jane Doe was mentally disabled.

18.     That after that initial contact with Jane Doe, Deputy Sheriff/Officer Marty Rainey began to repeatedly call and send text messages to Jane Doe.

3

19.     That between January 29, 2012 and February 20, 2012, Deputy Sheriff/Officer Marty Rainey sent 1,670 texts messages to Jane Doe's phone, many of which were sexually explicit in nature.  Deputy Sheriff/Officer Marty Rainey exchanged 84 text messages with Jane Doe in the first day he obtained her cell phone number.

20.     That on January 29, 2012, Deputy Sheriff/Officer Marty Rainey began sending Jane Doe texts, which quickly became sexual in nature.  Deputy Sheriff/Officer Marty Rainey asked Jane Doe to text nude photographs of herself.  Deputy Sheriff/Officer Marty Rainey threatened Jane Doe that if she did not do so, he would not help her mother with the investigation of vandalism.

21.     That after January 29, 2012 Deputy Sheriff/Officer Marty Rainey told Jane Doe numerous times that if she did not adhere to his sexual requests he would not help her mother with his vandalism investigation and her mother would be in trouble with the law.

22.     That after January 29, 2012, Deputy Sheriff Marty Rainey asked Jane Doe to meet him at the Hermann City Park alone regarding police matters and not to tell anyone about it.

23.     That after January 29, 2012, Deputy Sheriff Marty Rainey picked up Jane Doe at the Hermann City Park while wearing his Gasconade County Sheriff's Department uniform, carrying a service-issued police firearm, and driving a Gasconade County patrol vehicle.  Deputy Sheriff/Officer Marty Rainey took Jane Doe's cell phone and made sure there was no record of his requests to meet him still saved on her phone.

24.     Once inside the Gasconade County patrol vehicle, Deputy Sheriff Marty Rainey, while wearing his Gasconade County Sheriff's Department uniform and carrying a service-issued police firearm, took Jane Doe for a drive on Gasconade County backroads, where he unbuttoned her pants and placed his hand inside.  Jane Doe was scared and shaking as Deputy Sheriff Marty

4

Rainey felt her.  Deputy Sheriff Marty Rainey told Jane Doe not to tell anyone what happened or he would get in trouble and would also not be able to help her mother in the investigation.

25.     That in the days following the sexual event, Deputy Sheriff Marty Rainey continued to text Jane Doe and introduced her to Jonathan Pohlmann.  Deputy Sheriff Marty Rainey told Jane Doe that she needed to "Please [Jonathan Pohlmann]."

26.     Jane Doe did not want to have sex with Mr. Pohlmann, but she wanted to help her mother and did not want to upset Deputy Sheriff Marty Rainey.

27.     That on February 5, 2012, Mr. Pohlmann contacted Jane Doe at Deputy Sheriff/Officer Rainey's direction and arranged to meet her in the neighborhood, away from her home, where he drove her to his residence in Owensville, Missouri.  Once at the residence, Mr. Pohlmann instructed Jane Doe to go to the bedroom and take her clothes off.  When Jane Doe asked why, Mr. Pohlmann told her, "Because [Deputy Sheriff/Officer Rainey] wants you to." Defendant arrived at the home and was present as Jane Doe and Mr. Pohlmann had sex.

28.     Following the February 5, 2012 sexual encounter, Deputy Sheriff/Officer Marty Rainey washed Jane Doe's underwear and told her, "I best not find out you told anybody."

29.     Jane Doe continued to receive texts from Deputy Sheriff/Officer Marty Rainey and Mr. Pohlmann in the days following.

30.     That on February 19, 2012, Jane Doe was once again transported by Mr. Pohlmann to his residence in Owensville, Missouri.  Officer Marty Rainey arrived at the residence, wearing his Hermann Police Department uniform and carrying a service-issued police firearm.  Jane Doe overheard Officer Marty Rainey and Mr. Pohlmann talking about a video camera in the bedroom of the residence.

31.     Jane Doe consumed a drink and food, provided by Officer Marty Rainey and began to feel "drugged."

32.     That on February 19, 2012, Jane Doe had sexual intercourse with both Officer Marty Rainey and Mr. Pohlmann but could not remember some of the events because she was going in and out of consciousness after consuming the drink and food.

33.     The next morning, February 20, 2012, when Jane Doe awoke, she was dressed in only a shirt and it was covered in semen.  Jane Doe knew she had sex with both Officer Marty Rainey and Mr. Pohlmann because they showed her pictures they had taken during sexual intercourse with her which showed both of them having sex with her.

34.     That on February 20, 2012, Jane Doe sought medical treatment for injuries suffered from having sexual intercourse with Deputy Sheriff/Officer Marty Rainey and Mr. Pohlmann, included but not limited to anal tearing.

35.     That at all times material hereto, Deputy Sheriff/Officer Mart Rainey was acting in the course and scope of his employment with Defendant Gasconade County, Defendant Hermann Police Department, and Defendant Rosebud Police Department.

36.     That from the time of the initial contact on January 29, 2012 to February 20, 2012, Deputy Sheriff/Officer Marty Rainey failed to adequately accommodate Jane Doe and used the apparent and inherent authority of a deputy sheriff and police officer to discriminate against Jane Doe.  Deputy Sheriff/Officer Marty Rainey coerced Jane Doe into having nonconsensual sexual intercourse with both him and Mr. Pohlmann, thereby directly discriminating against her, infringing upon her bodily integrity and freedom from wrongful seizure, invading her privacy, and causing severe emotional and mental anguish to Jane Doe, as more fully set forth in the following Counts.

37.     That as a direct and proximate result of Defendant Gasconade County's

discrimination, Jane Doe suffered physical and emotional damages, said injuries consisted of, but

not limited to:   She was suicidal and suffered mental and emotional damages after her interactions

with Marty Rainey; she suffered and continues to suffer from severe and prolonged mental anguish;

she suffered and will continue to suffer from intense anxiety; she endured a loss of personal

freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear,

anxiety, and was forced to require hospitalization for physical and mental injuries due to

Gasconade County's actions.

### COUNT I – DEFENDANT GASCONADE COUNTY – VIOLATIONS OF THE AMERICANS WITH DISABILITYS ACT

38.     Plaintiff fully and completely incorporates paragraphs 1-37 in Count I of this

Petition.

39.     Title II of the ADA applies to Defendant Gasconade County as a public entity.  Title

II of the ADA protects qualified individuals with a disability from being "subjected to

discrimination by any [public] entity," by reason of his or her disability.  42 U.S.C. § 12132.

40.     A public entity is liable for the vicarious acts of any of its employees that violate the

ADA.

41.     That at times relevant to the counts herein, Deputy Sheriff Marty Rainey was acting

in his capacity as a Gasconade County Deputy Sheriff and using his employment as a deputy sheriff

to discriminate against Jane Doe; Deputy Sheriff Marty Rainey was therefore acting in the scope

and course of his employment with the Gasconade County Sheriff's Department.

42.     Jane Doe was known to Deputy Sheriff Marty Rainey to have a mental illness.  She

was incapacitated and disabled by reason of her mental condition during the time relevant to the

incident and is thus a qualified person with a disability protected by the ADA.

7

43.     That from the time of the initial contact on January 29, 2012 to February 20, 2012, Deputy Sheriff Marty Rainey failed to adequately accommodate Jane Doe and used the apparent and inherent authority of a deputy sheriff to discriminate against Jane Doe.  Deputy Sheriff Marty Rainey coerced Jane Doe into having nonconsensual sexual intercourse with both him and Mr. Pohlmann, thereby directly discriminating against her.

44.     That after January 29, 2012, Deputy Sheriff Marty Rainey picked up Jane Doe at the Hermann City Park while wearing his Gasconade County Sheriff's Department uniform, carrying a service-issued police firearm, and driving a Gasconade County patrol vehicle.  Marty Rainey took Jane Doe's cell phone and made sure there was no record of his requests to meet him still saved on her phone.

45.     Once inside the Gasconade County patrol vehicle, Marty Rainey, while wearing his Gasconade County Sheriff's Department uniform and carrying a service-issued police firearm, took Jane Doe for a drive on Gasconade County backroads, where he unbuttoned her pants and placed his hand inside.  Jane Doe was scared and shaking as Marty Rainey felt her.  Marty Rainey told Jane Doe not to tell anyone what happened or there would be trouble and he would not help her mother in the investigation.  There would also be trouble for Jane Doe's mother.

46.     That in the days following the sexual event, Deputy Marty Rainey continued to text Jane Doe and introduced her to one of his acquaintances, Jonathan Pohlmann.  Marty Rainey told Jane Doe that she needed to "Please him" or he would not help her mother with the vandalism investigation.  There would also be trouble for Jane Doe's mother.

47.     Jane Doe did not want to have sex with Mr. Pohlmann, but she wanted to help her mother and did want to please Deputy Sheriff Marty Rainey.

8

48.     That on February 5, 2012, Mr. Pohlmann contacted Jane Doe and arranged to meet her in the neighborhood, away from her home, where he drove her to his residence in Owensville, Missouri.  Once at the residence, Mr. Pohlmann instructed Jane Doe to go to the bedroom and take her clothes off.  When Jane Doe asked why, Mr. Pohlmann told her, "Because [Deputy Sheriff Marty Rainey] wants you to."  Defendant arrived at the home and was present as Jane Doe and Mr. Pohlmann had sex.

49.     Following the February 5, 2012 sexual encounter, Deputy Sheriff Marty Rainey washed Jane Doe's underwear and told her, "I best not find out you told anybody."

50.     Deputy Sheriff Marty Rainey discriminated against Jane Doe due to her disability under Title II of the ADA.

51.     Defendant Gasconade County is liable for the acts of its employee, Deputy Sheriff Marty Rainey, under Title II of the ADA.

52.     That as a direct and proximate result of Deputy Sheriff Marty Rainey's discrimination against Jane Doe due to her disability, Defendant Gasconade County violated Title II of the ADA.

53.     That as a direct and proximate result of Defendant Gasconade County's discrimination, Jane Doe suffered physical and emotional damages, said injuries consisted of, but not limited to:   She was suicidal and suffered mental and emotional damages after her interactions with Marty Rainey; she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; she endured a loss of personal freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, anxiety, and was forced to require hospitalization for physical and mental injuries due to Gasconade County's actions.

9

WHEREFORE, pursuant to Title II of the ADA, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for Judgment against Defendant Gasconade County in an amount determined by this Court; for attorney's fees and costs; and, together with special damages for mental and physical injuries, and costs herein expended, for such other and further relief as this Court may deem just and proper.

## COUNT II – DEFENDANT GASCONADE COUNTY – VIOLATIONS SECTION 504 OF THE REHABILITATION ACT

54.     Plaintiff fully and completely incorporates paragraphs 1-53 in Count II of this Petition.

55.     Defendant Gasconade County has been, and is, a recipient of federal funds, and thus is covered by the mandate of Section 504 of the Rehabilitation Act.  Section 504 requires that no otherwise qualified individual with a disability in the United States shall, by reason of his or her disability, be subjected to discrimination under any program or activity receiving Federal financial assistance.

56.     A public entity is liable for the vicarious acts of any of its employees that violate the Rehabilitation Act.

57.     That at times relevant to the counts herein, Deputy Sheriff Marty Rainey was acting in his capacity as a Gasconade County Deputy Sheriff and using his employment as a deputy sheriff to discriminate against Jane Doe; Deputy Sheriff Marty Rainey was therefore acting in the scope and course of his employment with the Gasconade County Sheriff's Department.

58.     Jane Doe was known to Deputy Sheriff Marty Rainey to have a mental illness.  She was incapacitated and disabled by reason of her mental condition during the time relevant to the incident and is thus a qualified person with a disability protected by protected by Section 504.

10

59.     That from the time of the initial contact on January 29, 2012 to February 20, 2012, Deputy Sheriff Marty Rainey failed to adequately accommodate Jane Doe and used the apparent and inherent authority of a deputy sheriff to discriminate against Jane Doe.  Deputy Sheriff Marty Rainey coerced Jane Doe into having nonconsensual sexual intercourse with both him and Mr. Pohlmann, thereby directly discriminating against her.

60.     That after January 29, 2012, Deputy Sheriff Marty Rainey picked up Jane Doe at the Hermann City Park while wearing his Gasconade County Sheriff's Department uniform, carrying a service-issued police firearm, and driving a Gasconade County patrol vehicle.  Marty Rainey took Jane Doe's cell phone and made sure there was no record of his requests to meet him still saved on her phone.

61.     Once inside the Gasconade County patrol vehicle, Marty Rainey, while wearing his Gasconade County Sheriff's Department uniform and carrying a service-issued police firearm, took Jane Doe for a drive on Gasconade County backroads, where he unbuttoned her pants and placed his hand inside.  Jane Doe was scared and shaking as Marty Rainey felt her.  Marty Rainey told Jane Doe not to tell anyone what happened or he would get in trouble and would also not be able to help her mother in the investigation.

62.     That in the days following the sexual event, Deputy Marty Rainey continued to text Jane Doe and introduced her to one of his acquaintances, Jonathan Pohlmann.  Marty Rainey told Jane Doe that she needed to "Please him" or he would not help her mother with the vandalism investigation.

63.     Jane Doe did not want to have sex with Mr. Pohlmann, but she wanted to help her mother and did want to please Deputy Sheriff Marty Rainey.

11

64.     That on February 5, 2012, Mr. Pohlmann contacted Jane Doe and arranged to meet her in the neighborhood, away from her home, where he drove her to his residence in Owensville, Missouri.  Once at the residence, Mr. Pohlmann instructed Jane Doe to go to the bedroom and take her clothes off.  When Jane Doe asked why, Mr. Pohlmann told her, "Because [Marty Rainey] wants you to."  Defendant arrived at the home and was present as Jane Doe and Mr. Pohlmann had sex.

65.     Following the February 5, 2012 sexual encounter, Marty Rainey washed Jane Doe's underwear and told her, "I best not find out you told anybody."

66.     Deputy Marty Rainey discriminated against Jane Doe due to her disability under Section 504 of the Rehabilitation Act.

67.     Defendant Gasconade County is liable for the acts of its employee, Deputy Sheriff Marty Rainey, under Section 504 of the Rehabilitation Act.

68.     That as a direct and proximate result of Deputy Sheriff Marty Rainey's discrimination against Jane Doe due to her disability, Defendant Gasconade County violated Section 504 of the Rehabilitation Act.

69.     That as a direct and proximate result of Defendant Gasconade County's discrimination, Jane Doe suffered physical and emotional damages, said injuries consisted of, but not limited to:   She was suicidal and suffered mental and emotional damages after her interactions with Deputy Sheriff Marty Rainey; she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; she endured a loss of personal freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, anxiety, and was forced to require hospitalization for physical and mental injuries due to Gasconade County's actions.

12

WHEREFORE, pursuant to Section 504 of the Rehabilitation Act, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for Judgment against Defendant Gasconade County in an amount determined by this Court; for attorney's fees and costs; and, together with special damages for mental and physical injuries, and costs herein expended, for such other and further relief as this Court may deem just and proper.

### COUNT III – DEFENDANT GASCONADE COUNTY – WILLFUL FAILURE TO SUPERVISE AMOUNTING TO A DELIBERATE INDIFFERENCE TO JANE DOE'S CONSTITUTIONAL RIGHTS

70.     Plaintiff fully and completely incorporates paragraphs 1-69 in Count III of this Petition and brings this claim under 42 U.S.C. § 1983.

71.     That upon information and belief, Defendant Gasconade County maintains liability insurance for wrongful actions committed by its employees; therefore, sovereign immunity is waived pursuant to Mo. Rev. Stat. § 537.610.

72.     That at all times relevant to the counts herein, Defendant Gasconade County was the supervisor of Deputy Sheriff Marty Rainey in his work as a Gasconade County deputy sheriff.

73.     That at all times relevant to the counts herein, Marty Rainey was acting in his capacity as Gasconade County Deputy Sheriff and using his employment as a deputy sheriff to further his illegitimate intentions regarding Jane Doe; Deputy Sheriff Marty Rainey was therefore acting in the scope and course of his employment with the Gasconade County Sheriff's Department.

74.     That upon information and belief, Defendant Gasconade Count knew or should have known that Deputy Sheriff Marty Rainey was violating department policies designed to protect citizens like Jane Doe.

75.     That upon information and belief, Deputy Sheriff Marty Rainey, throughout his employment as a deputy sheriff and under Defendant Gasconade County's supervision, had regularly and persistently pursued inappropriate contact and relationships with women whom he met through his duties as a law enforcement officer, in violation of department policies.

76.     That Defendant Gasconade County's willfully reckless and careless failure to supervise Deputy Sheriff Marty Rainey's compliance with department policies amounted to a deliberate indifference to Jane Doe's constitutional rights.

77.     That as a direct and proximate result of Defendant Gasconade County's willfully reckless and careless failure to supervise, Deputy Sheriff Marty Rainey was able to use his employment to coerce Jane Doe into forceful and nonconsensual sexual intercourse with him, in violation of her rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

78.     That as a direct and proximate result of Defendant Gasconade County's willfully reckless and careless failure to supervise, Jane Doe suffered physical and emotional damages, said injuries consisted of, but not limited to:   She was suicidal and suffered mental and emotional damages after her interactions with Deputy Sheriff Marty Rainey; she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; she endured a loss of personal freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, anxiety, and was forced to require hospitalization for physical and mental injuries due to Gasconade County's actions.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for Judgment against Defendant Gasconade County in an amount to be determined by the Court, together with special damages for her mental and physical injuries, and costs herein expended, for such other and further relief as this Court may deem just and proper.

## COUNT IV – DEFENDANT GASCONADE COUNTY –NEGLIGENT SUPERVISION

79.     Plaintiff fully and completely incorporates paragraphs 1-78 in Count IV of this Petition.

80.     That at all times relevant to the counts herein, Defendant Gasconade County was the employer and supervisor of Marty Rainey in his work as a Gasconade County deputy sheriff.

81.     That at all times relevant to the counts herein, Deputy Sheriff acting in his capacity as a Gasconade County Deputy Sheriff and using his employment as a deputy sheriff to further his illegitimate intentions regarding Jane Doe; Deputy Sheriff Marty Rainey was therefore acting in the scope and course of his employment with the Gasconade County's Sheriff's Department.

82.     That the Defendant Gasconade County Sheriff's Department maintained a number of policies designed to protect citizens like Plaintiff, which governed deputy sheriffs' interactions with citizens, suspects, and criminal elements.

83.     That upon information and belief, Defendant Gasconade County knew or should have known that Marty Rainey was violating department policies designed to protect citizens like Jane Doe.

84.     That upon information and belief, Deputy Sheriff Marty Rainey, throughout his employment with Defendant Gasconade County, had regularly and persistently pursued inappropriate contact and relationships with women whom he met through his duties as a law enforcement officer, in violation of department policies.

85.     That Defendant Gasconade County was reckless and careless by failing to supervise Deputy Sheriff Marty Rainey's compliance with department policies.

15

86.     That as a direct and proximate result of Defendant Gasconade County's recklessness and carelessness, Deputy Sheriff Marty Rainey was able to use his employment to coerce Jane Doe into forceful and nonconsensual sexual intercourse with him.

87.     That as a direct and proximate result of Defendant Gasconade County's negligent supervision, Jane Doe suffered physical and emotional damages, said injuries consisted of, but not limited to:   She was suicidal and suffered mental and emotional damages after her interactions with Marty Rainey; she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; she endured a loss of personal freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, anxiety, and was forced to require hospitalization for physical and mental injuries due to Gasconade County's actions.

WHEREFORE, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for Judgment against Defendant Gasconade County in an amount to be determined by the Court, together with special damages for her mental and physical injuries, and costs herein expended, for such other and further relief as this Court may deem just and proper.

## COUNT V – DEFENDANT HERMANN POLICE DEPARTMENT – VIOLATIONS OF THE AMERICANS WITH DISABILITYS ACT

88.     Plaintiff fully and completely incorporates paragraphs 1-87 in Count V of this Petition.

89.     Title II of the Americans with Disabilities Act (ADA) applies to Defendant Hermann Police Department as a public entity.  Title II of the ADA protects qualified individuals with a disability from being "subjected to discrimination by any [public] entity," by reason of his or her disability.  42 U.S.C. § 12132.

16

90.     A public entity is liable for the vicarious acts of any of its employees that violate the ADA.

91.     That at times relevant to the counts herein, Officer Marty Rainey was acting in his capacity as a Hermann Police Department Police Officer and using his employment as a police officer to discriminate against Jane Doe; Marty Rainey was therefore acting in the scope and course of his employment with the Hermann Police Department.

92.     Jane Doe was known to Officer Marty Rainey to have a mental illness.  She was incapacitated and disabled by reason of her mental condition during the time relevant to the incident and is thus a qualified person with a disability protected by the ADA.

93.     That from the time of the initial contact on January 29, 2012 to February 20, 2012, Officer Marty Rainey failed to adequately accommodate Jane Doe and used the apparent and inherent authority of a police offer to discriminate against Jane Doe.  Officer Marty Rainey coerced Jane Doe into having nonconsensual sexual intercourse with both him and Mr. Pohlmann, thereby directly discriminating against her.

94.     That on February 19, 2012, Jane Doe was transported by Mr. Pohlmann to his residence in Owensville, Missouri.  Officer Marty Rainey arrived at the residence, wearing his Hermann Police Department uniform and carrying a service-issued police firearm.  Jane Doe overheard Officer Marty Rainey and Mr. Pohlmann talking about a video camera in the bedroom of the residence.

95.     Jane Doe consumed a drink and food, provided by Marty Rainey, and began to feel "drugged."

17

96.     That on February 19, 2012, Jane Doe had sexual intercourse with both Officer Marty Rainey and Mr. Pohlmann but could not remember some of the events because she was going in and out of consciousness after consuming the drink and food.

97.     The next morning, February 20, 2012, when Jane Doe awoke, she was dressed in only a shirt and it was covered in semen.  Jane Doe knew she had sex with both Officer Marty Rainey and Mr. Pohlmann because they showed her pictures they had taken during sexual intercourse with her which showed both of them having sex with her.

98.     That on February 20, 2012, Jane Doe sought medical treatment for injuries suffered from having sexual intercourse with Officer Marty Rainey and Mr. Pohlmann.

99.     Officer Marty Rainey discriminated against Jane Doe due to her disability under Title II of the ADA.

100.    Defendant Hermann Police Department is liable for the acts of its employee, Officer Marty Rainey, under Title II of the ADA.

101.    That as a direct and proximate result of Officer Marty Rainey's discrimination against Jane Doe due to her disability, Defendant Hermann Police Department County violated Title II of the ADA.

102.    That as a direct and proximate result of Defendant Hermann Police Department's discrimination,  Jane Doe suffered physical and emotional damages, said injuries consisted of, but not limited to:   She was suicidal and suffered mental and emotional damages after her interactions with Marty Rainey; she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; she endured a loss of personal freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear,

18

anxiety, and was forced to require hospitalization for physical and mental injuries due to the Hermann Police Department's actions.

WHEREFORE, pursuant to Title II of the ADA, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for Judgment against Defendant Hermann Police Department in an amount determined by this Court; for attorney's fees and costs; and, together with special damages for mental and physical injuries, and costs herein expended, for such other and further relief as this Court may deem just and proper.

## COUNT VI – DEFENDANT HERMANN POLICE DEPARTMENT – VIOLATIONS OF THE AMERICANS WITH DISABILITYS ACT

103.    Plaintiff fully and completely incorporates paragraphs 1-102 in Count VI of this Petition.

104.    Defendant Hermann Police Department has been, and is, a recipient of federal funds, and thus is covered by the mandate of Section 504 of the Rehabilitation Act.  Section 504 requires that no otherwise qualified individual with a disability in the United States shall, by reason of his or her disability, be subjected to discrimination under any program or activity receiving Federal financial assistance.

105.    A public entity is liable for the vicarious acts of any of its employees that violate the Rehabilitation Act.

106.    That at times relevant to the counts herein, Officer Marty Rainey was acting in his capacity as a Hermann Policy Department Police Officer and using his employment as a police officer to discriminate against Jane Doe; Officer Marty Rainey was therefore acting in the scope and course of his employment with the Hermann Police Department.

107.    Jane Doe was known to Officer Marty Rainey to have a mental illness.  She was incapacitated and disabled by reason of her mental condition during the time relevant to the incident and is thus a qualified person with a disability protected by Section 504.

108.    That from the time of the initial contact on January 29, 2012 to February 20, 2012, Officer Marty Rainey failed to adequately accommodate Jane Doe and used the apparent and inherent authority of a police offer to discriminate against Jane Doe.  Officer Marty Rainey coerced Jane Doe into having nonconsensual sexual intercourse with both him and Mr. Pohlmann, thereby directly discriminating against her.

109.    That on February 19, 2012, Jane Doe was transported by Mr. Pohlmann to his residence in Owensville, Missouri.  Officer Marty Rainey arrived at the residence, wearing his Hermann Police Department uniform and carrying a service-issued police firearm.  Jane Doe overheard Marty Rainey and Mr. Pohlmann talking about a video camera in the bedroom of the residence.

110.    Jane Doe consumed a drink and food, provided by Marty Rainey, and began to feel "drugged."

111.    That on February 19, 2012, Jane Doe had sexual intercourse with both Officer Marty Rainey and Mr. Pohlmann but could not remember some of the events because she was going in and out of consciousness after consuming the drink and food.

112.    The next morning, February 20, 2012, when Jane Doe awoke, she was dressed in only a shirt and it was covered in semen.  Jane Doe knew she had sex with both Officer Marty Rainey and Mr. Pohlmann because they showed her pictures they had taken during sexual intercourse with her which showed both of them having sex with her.

20

113.    That on February 20, 2012, Jane Doe sought medical treatment for injuries suffered from having sexual intercourse with Marty Rainey and Mr. Pohlmann.

114.    Officer Marty Rainey discriminated against Jane Doe due to her disability under Section 504 of the Rehabilitation Act.

115.    Defendant Hermann Police Department is liable for the acts of its employee, Officer Marty Rainey, under Section 504 of the Rehabilitation Act.

116.    That as a direct and proximate result of Officer Marty Rainey's discrimination against Jane Doe due to her disability, Defendant Hermann Police Department County violated Section 504 of the Rehabilitation Act.

117.    That as a direct and proximate result of Defendant Hermann Police Department's discrimination,  Jane Doe suffered physical and emotional damages, said injuries consisted of, but not limited to:   She was suicidal and suffered mental and emotional damages after her interactions with Officer Marty Rainey; she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; she endured a loss of personal freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, anxiety, and was forced to require hospitalization for physical and mental injuries due to the Hermann Police Department's actions.

WHEREFORE, pursuant to Section 504 of the Rehabilitation Act, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for Judgment against Defendant Hermann Police Department in an amount determined by this Court; for attorney's fees and costs; and, together with special damages for mental and physical injuries, and costs herein expended, for such other and further relief as this Court may deem just and proper.

**COUNT VII – DEFENDANT HERMANN POLICE DEPARTMENT – WILLFUL
FAILURE TO SUPERVISE AMOUNTING TO A DELIBERATE INDIFFERENCE
TO JANE DOE'S CONSTITUTION RIGHTS**

118.    Plaintiff fully and completely incorporates paragraphs 1-117 in Count VII of this
Petition and brings this claim under 42 U.S.C. § 1983.

119.    That upon information and belief, Defendant Hermann Police Department maintains
liability insurance for wrongful actions committed by its employees; therefore, sovereign immunity
is waived pursuant to Mo. Rev. Stat. § 537.610.

120.    That at times relevant to the counts herein, Defendant Hermann Police Department
was the supervisor of Officer Marty Rainey in his work as a Gasconade County deputy sheriff.

121.    That at times relevant to the counts herein, Officer Marty Rainey was acting in his
capacity as a Hermann Police Department Officer and using his employment as a police officer to
further his illegitimate intentions regarding Jane Doe; Officer Marty Rainey was therefore acting in
the scope and course of his employment with the Hermann Police Department.

122.    That upon information and belief, Defendant Hermann Police Department knew or
should have known that Officer Marty Rainey was violating department policies designed to
protect citizens like Jane Doe.

123.    That upon information and belief, Officer Marty Rainey, throughout his employment
as a police officer and under Defendant Hermann Police Department's supervision, had regularly
and persistently pursued inappropriate contact and relationships with women whom he met through
his duties as a law enforcement officer, in violation of department policies.

124.    That Defendant Hermann Police Department's willfully reckless and careless failure
to supervise Officer Marty Rainey's compliance with department policies amounted to a deliberate
indifference to Jane Doe's constitutional rights.

22

125.    That as a direct and proximate result of Defendant Hermann Police Department's willfully reckless and careless failure to supervise, Officer Marty Rainey was able to use his employment to coerce Jane Doe into forceful and nonconsensual sexual intercourse with him, in violation of her rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

126.    That as a direct and proximate result of Defendant Hermann Police Department's willfully reckless and careless failure to supervise, Jane Doe suffered physical and emotional damages, said injuries consisted of, but not limited to:   She was suicidal and suffered mental and emotional damages after her interactions with Marty Rainey; she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; she endured a loss of personal freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, anxiety, and was forced to require hospitalization for physical and mental injuries due to the Hermann Police Department's actions. over Marty Rainey's actions.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for Judgment against Defendant Hermann Police Department in an amount to be determined by the Court, together with special damages for her mental and physical injuries, and costs herein expended, for such other and further relief as this Court may deem just and proper.

## COUNT VIII – DEFENDANT HERMANN POLICE DEPARTMENT –NEGLIGENT SUPERVISION

127.    Plaintiff fully and completely incorporates paragraphs 1-126 in Count VIII of this Petition.

128.    That at times relevant to the counts herein, Defendant Hermann Police Department was the employer and supervisor of Marty Rainey in his work as a Gasconade County deputy sheriff.

23

129.    That at times relevant to the counts herein, Marty Rainey was acting in his capacity as a Hermann Police Department Police Officer and using his employment as a deputy sheriff to further his illegitimate intentions regarding Jane Doe; Marty Rainey was therefore acting in the scope and course of his employment with the Hermann Police Department.

130.    That the Defendant Hermann Police Department maintained a number of policies designed to protect citizens like Plaintiff, which governed deputy sheriffs' interactions with citizens, suspects, and criminal elements.

131.    That upon information and belief, Defendant Hermann Police Department knew or should have known that Marty Rainey was violating department policies designed to protect citizens like Jane Doe.

132.    That upon information and belief, Marty Rainey, throughout his employment with Defendant Hermann Police Department, had regularly and persistently pursued inappropriate contact and relationships with women whom he met through his duties as a law enforcement officer, in violation of department policies.

133.    That Defendant Hermann Police Department was reckless and careless by failing to supervise Marty Rainey's compliance with department policies.

134.    That as a direct and proximate result of Defendant Hermann Police Department's recklessness and carelessness, Marty Rainey was able to use his employment to coerce Jane Doe into forceful and nonconsensual sexual intercourse with him.

135.    That as a direct and proximate result of Defendant Hermann Police Department's negligent supervision, Jane Doe suffered physical and emotional damages, said injuries consisted of, but not limited to:   She was suicidal and suffered mental and emotional damages after her interactions with Marty Rainey; she suffered and continues to suffer from severe and prolonged

24

mental anguish; she suffered and will continue to suffer from intense anxiety; she endured a loss of

personal freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress,

fear, anxiety, and was forced to require hospitalizations for physical and mental injuries due to

over Marty Rainey's actions, among other things.

WHEREFORE, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for

Judgment against Defendant Hermann Police Department in an amount to be determined by the

Court, together with special damages for her mental and physical injuries, and costs herein

expended, for such other and further relief as this Court may deem just and proper.

## COUNT IX – DEFENDANT ROSEBUD POLICE DEPARTMENT – VIOLATIONS OF THE AMERICANS WITH DISABILITYS ACT

136.    Plaintiff fully and completely incorporates paragraphs 1-135 in Count IX of this

Petition.

137.    Title II of the ADA applies to Defendant Rosebud Police Department as a public

entity.  Title II of the ADA protects qualified individuals with a disability from being "subjected to

discrimination by any [public] entity," by reason of his or her disability.  42 U.S.C. § 12132.

138.    A public entity is liable for the vicarious acts of any of its employees that violate the

ADA.

139.    That at times relevant to the counts herein, Officer Marty Rainey was acting in his

capacity as a Rosebud Police Department Police Officer and using his employment as a police

officer to discriminate against Jane Doe; Officer Marty Rainey was therefore acting in the scope

and course of his employment with the Rosebud Police Department.

140.    Jane Doe was known to Officer Marty Rainey to have a mental illness.  She was

incapacitated and disabled by reason of her mental condition during the time relevant to the

incident and is thus a qualified person with a disability protected by the ADA.

25

141.   That from the time of the initial contact on January 29, 2012 to February 20, 2012,

Officer Marty Rainey failed to adequately accommodate Jane Doe and used the apparent and

inherent authority of a police offer to discriminate against Jane Doe.  Marty Rainey coerced Jane

Doe into having nonconsensual sexual intercourse with both him and Mr. Pohlmann, thereby

directly discriminating against her.

142.   That between January 29, 2012 and February 20, 2012, Marty Rainey sent 1,670

texts messages to Jane Doe's phone, many of which were sexually explicit in nature.  Marty Rainey

exchanged 84 text messages with Jane Doe in the first day he obtained her cell phone number.

143.   Officer Marty Rainey discriminated against Jane Doe due to her disability under

Title II of the ADA.

144.   Defendant Rosebud Police Department is liable for the acts of its employee, Officer

Marty Rainey, under Title II of the ADA.

145.   That as a direct and proximate result of Officer Marty Rainey's discrimination

against Jane Doe due to her disability, Defendant Rosebud County violated Title II of the ADA.

146.   That as a direct and proximate result of Defendant Rosebud Police Department's

discrimination,  Jane Doe suffered physical and emotional damages, said injuries consisted of, but

not limited to:   She was suicidal and suffered mental and emotional damages after her interactions

with Marty Rainey; she suffered and continues to suffer from severe and prolonged mental anguish;

she suffered and will continue to suffer from intense anxiety; she endured a loss of personal

freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, and

anxiety over Marty Rainey's actions, among other things.

WHEREFORE, pursuant to Title II of the ADA, Jane Doe, by and through her legal

guardian, Plaintiff D.P., prays for Judgment against Defendant Rosebud Police Department in an

amount determined by this Court; for attorney's fees and costs; and, together with special damages

for mental and physical injuries, and costs herein expended, for such other and further relief as this

Court may deem just and proper.

### COUNT X – DEFENDANT ROSEBUD POLICE DEPARTMENT – VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT

147.    Plaintiff fully and completely incorporates paragraphs 1-146 in Count X of this

Petition.

148.    Defendant Rosebud Police Department has been, and is, a recipient of federal funds,

and thus is covered by the mandate of Section 504 of the Rehabilitation Act.  Section 504 requires

that no otherwise qualified individual with a disability in the United States shall, by reason of his or

her disability, be subjected to discrimination under any program or activity receiving Federal

financial assistance.

149.    A public entity is liable for the vicarious acts of any of its employees that violate the

Rehabilitation Act.

150.    That at times relevant to the counts herein, Officer Marty Rainey was acting in his

capacity as a Rosebud Police Department Officer and using his employment as a police officer to

discriminate against Jane Doe; Officer Marty Rainey was therefore acting in the scope and course

of his employment with the Rosebud Police Department.

151.    Jane Doe was known to Officer Marty Rainey to have a mental illness.  She was

totally incapacitated and totally disabled by reason of her mental condition during the time relevant

to the incident and is thus a qualified person with a disability protected by Section 504.

152.    That from the time of the initial contact on January 29, 2012 to February 20, 2012,

Officer Marty Rainey failed to adequately accommodate Jane Doe and used the apparent and

inherent authority of a police offer to discriminate against Jane Doe.  Marty Rainey coerced Jane

27

Doe into having nonconsensual sexual intercourse with both him and Mr. Pohlmann, thereby directly discriminating against her.

153.    That between January 29, 2012 and February 20, 2012, Marty Rainey sent 1,670 texts messages to Jane Doe's phone, many of which were sexually explicit in nature. Marty Rainey exchanged 84 text messages with Jane Doe in the first day he obtained her cell phone number.

154.    Officer Marty Rainey discriminated against Jane Doe due to her disability under Section 504 of the Rehabilitation Act.

155.    Defendant Rosebud Police Department is liable for the acts of its employee, Officer Marty Rainey, under Section 504 of the Rehabilitation Act.

156.    That as a direct and proximate result of Officer Marty Rainey's discrimination against Jane Doe due to her disability, Defendant Rosebud County violated Section 504 of the Rehabilitation Act.

157.    That as a direct and proximate result of Defendant Rosebud Police Department's discrimination,  Jane Doe suffered physical and emotional damages, said injuries consisted of, but not limited to:   She was suicidal and suffered mental and emotional damages after her interactions with Marty Rainey; she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; she endured a loss of personal freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, anxiety, and was forced to require hospitalization for physical and mental injuries due to Rosebud Police Department's actions.

WHEREFORE, pursuant to Section 504 of the Rehabilitation Act, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for Judgment against Defendant Rosebud Police Department in an amount determined by this Court; for attorney's fees and costs; and, together with

28

special damages for mental and physical injuries, and costs herein expended, for such other and further relief as this Court may deem just and proper.

### COUNT XI – DEFENDANT ROSEBUD POLICE DEPARTMENT – WILLFUL FAILURE TO SUPERVISE AMOUNTING TO A DELIBERATE INDIFFERENCE TO JANE DOE'S CONSTITUTION RIGHTS

158.    Plaintiff fully and completely incorporates paragraphs 1-157 in Count XI of this Petition and brings this claim under 42 U.S.C. § 1983.

159.    That upon information and belief, Defendant Rosebud Police Department maintains liability insurance for wrongful actions committed by its employees; therefore, sovereign immunity is waived pursuant to Mo. Rev. Stat. § 537.610.

160.    That at all times relevant to the counts herein, Defendant Rosebud Police Department was the supervisor of Officer Marty Rainey in his work as a Gasconade County deputy sheriff.

161.    That at times relevant to the counts herein, Officer Marty Rainey was acting in his capacity as a Rosebud Police Department Officer and using his employment as a police officer to further his illegitimate intentions regarding Jane Doe; Officer Marty Rainey was therefore acting in the scope and course of his employment with the Rosebud Police Department.

162.    That upon information and belief, Defendant Rosebud Police Department knew or should have known that Officer Marty Rainey was violating department policies designed to protect citizens like Jane Doe.

163.    That upon information and belief, Officer Marty Rainey, throughout his employment as a police officer and under Defendant Rosebud Police Department's supervision, had regularly and persistently pursued inappropriate contact and relationships with women whom he met through his duties as a law enforcement officer, in violation of department policies.

164.     That Defendant Rosebud Police Department's willfully reckless and careless failure to supervise Officer Marty Rainey's compliance with department policies amounted to a deliberate indifference to Jane Doe's constitutional rights.

165.     That as a direct and proximate result of Defendant Hermann Police Department's willfully reckless and careless failure to supervise, Officer Marty Rainey was able to use his employment to coerce Jane Doe into forceful and nonconsensual sexual intercourse with him, in violation of her rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

166.     That as a direct and proximate result of Defendant Hermann Police Department's willfully reckless and careless failure to supervise, Jane Doe suffered physical and emotional damages, said injuries consisted of, but not limited to:   She was suicidal and suffered mental and emotional damages after her interactions with Marty Rainey; she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; she endured a loss of personal freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, anxiety,  and was forced to require hospitalization for physical and mental injuries due to Rosebud Police Department's actions.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for Judgment against Defendant Hermann Police Department in an amount to be determined by the Court, together with special damages for her mental and physical injuries, and costs herein expended, for such other and further relief as this Court may deem just and proper.

### COUNT XII – DEFENDANT ROSEBUD POLICE DEPARTMENT –NEGLIGENT SUPERVISION

167.     Plaintiff fully and completely incorporates paragraphs 1-166 in Count XII of this Petition.

168.    That at all times relevant to the counts herein, Defendant Rosebud Police Department was the employer and supervisor of Marty Rainey in his work as a Gasconade County deputy sheriff.

169.    That at times relevant to the counts herein, Officer Marty Rainey was acting in his capacity as a Rosebud Police Department Officer and using his employment as a police officer to further his illegitimate intentions regarding Jane Doe; Officer Marty Rainey was therefore acting in the scope and course of his employment with the Rosebud Police Department.

170.    That the Defendant Rosebud Police Department maintained a number of policies designed to protect citizens like Plaintiff, which governed deputy sheriffs' interactions with citizens, suspects, and criminal elements.

171.    That upon information and belief, Defendant Rosebud Police Department knew or should have known that Officer Marty Rainey was violating department policies designed to protect citizens like Jane Doe.

172.    That upon information and belief, Officer Marty Rainey, throughout his employment with Defendant Rosebud Police Department, had regularly and persistently pursued inappropriate contact and relationships with women whom he met through his duties as a law enforcement officer, in violation of department policies.

173.    That Defendant Rosebud Police Department was reckless and careless by failing to supervise Officer Marty Rainey's compliance with department policies.

174.    That as a direct and proximate result of Defendant Rosebud Police Department's recklessness and carelessness, Officer Marty Rainey was able to use his employment to coerce Jane Doe into forceful and nonconsensual sexual intercourse with him.

175.     That as a direct and proximate result of Defendant Rosebud Police Department's negligent supervision, Jane Doe suffered physical and emotional damages, said injuries consisted of, but not limited to:   She was suicidal and suffered mental and emotional damages after her interactions with Marty Rainey; she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; she endured a loss of personal freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, anxiety, and was forced to require hospitalization for physical and mental injuries due to Rosebud Police Department's actions.

WHEREFORE, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for Judgment against Defendant Hermann Police Department in an amount to be determined by the Court, together with special damages for her mental and physical injuries, and costs herein expended, for such other and further relief as this Court may deem just and proper.

### COUNT XIII – DEFENDANT SHERIFF EPHORST – WILLFUL FAILURE TO SUPERVISE AMOUNTING TO A DELIBERATE INDIFFERENCE TO JANE DOE'S CONSTITUTIONAL RIGHTS

176.     Plaintiff fully and completely incorporates paragraphs 1-175 in Count XIII of this Petition and brings this claim under 42 U.S.C. § 1983.

177.     That at all times relevant to the counts herein, Defendant Sheriff Ephorst acted under the color of state law as the supervisor of Marty Rainey in his work as a Gasconade County deputy sheriff and was the chief law enforcement officer and policy maker in Gasconade County by virtue of Mo. Rev. Stat. § 57.010.01.

178.     That at times relevant to the counts herein, Deputy Sheriff Marty Rainey was acting in his capacity as a Gasconade County Deputy Sheriff and using his employment as a deputy sheriff

to further his illegitimate intentions regarding Jane Doe; Marty Rainey was therefore acting in the scope and course of his employment with the Gasconade County Sheriff's Department.

179.    That the Gasconade County Sheriff's Department maintained a number of policies designed to protect citizens like Plaintiff, which governed deputy sheriffs' interactions with citizens, suspects, and criminal elements.

180.    That upon information and belief, Defendant Sheriff Ephorst knew or should have known that Deputy Sheriff Marty Rainey was violating department policies designed to protect citizens like Jane Doe.

181.    That upon information and belief, Deputy Sheriff Marty Rainey, throughout his employment as a deputy sheriff and under Defendant Gasconade County's supervision, had regularly and persistently pursued inappropriate contact and relationships with women whom he met through his duties as a law enforcement officer, in violation of department policies.

182.    That Defendant Sheriff Ephorst's willfully reckless and careless failure to supervise Marty Rainey's compliance with department policies amounted to a deliberate indifference to Jane Doe's constitutional rights.

183.    That as a direct and proximate result of Defendant Sheriff Ephorst's willfully reckless and careless failure to supervise, Deputy Sheriff Marty Rainey was able to use his employment to coerce Jane Doe into forceful and nonconsensual sexual intercourse with him, in violation of her rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

184.    That as a direct and proximate result of Defendant Sheriff Ephorst's willfully reckless and careless failure to supervise, Jane Doe suffered physical and emotional damages, said injuries consisted of, but not limited to:   She was suicidal and suffered mental and emotional damages after her interactions with Deputy Sheriff Marty Rainey; she suffered and continues to

suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; she endured a loss of personal freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, anxiety, and was forced to require hospitalization for physical and mental injuries due to Sheriff Ephorst's actions.

WHEREFORE, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for Judgment against Defendant Sheriff Ephorst in an amount to be determined by the Court, together with special damages for her mental and physical injuries, and costs herein expended, for such other and further relief as this Court may deem just and proper.

### COUNT XIV – DEFENDANT SHERIFF EPHORST –NEGLIGENT SUPERVISION

185.    Plaintiff fully and completely incorporates paragraphs 1-184 in Count XIV of the Petition.

186.    That at all times relevant to the counts herein, Defendant Sheriff Ephorst was the supervisor of Marty Rainey in his work as a Gasconade County deputy sheriff.

187.    That at times relevant to the counts herein, Deputy Sheriff Marty Rainey was acting in his capacity as a Gasconade County Deputy Sheriff and using his employment as a deputy sheriff to further his illegitimate intentions regarding Jane Doe; Deputy Sheriff Marty Rainey was therefore acting in the scope and course of his employment with the Gasconade County's Sheriff's Department.

188.    That the Gasconade County Sheriff's Department maintained a number of policies designed to protect citizens like Plaintiff, which governed deputy sheriffs' interactions with citizens, suspects, and criminal elements.

189.    That upon information and belief, Defendant Sheriff Ephorst knew or should have known that Marty Rainey was violating department policies designed to protect citizens like Jane Doe.

190.    That upon information and belief, Marty Rainey, throughout his employment as a deputy sheriff, had regularly and persistently pursued inappropriate contact and relationships with women whom he met through his duties as a law enforcement officer, in violation of department policies.

191.    That Defendant Sheriff Ephorst's was reckless and careless by failing to supervise Marty Rainey's compliance with department policies.

192.    That as a direct and proximate result of Defendant Sheriff Ephorst's recklessness and carelessness, Deputy Sheriff Marty Rainey was able to use his authority to coerce Jane Doe into forceful and nonconsensual sexual intercourse with him.

193.    That as a direct and proximate result of Defendant Sheriff Ephorst's negligent supervision, Jane Doe suffered physical and emotional damages, said injuries consisted of, but not limited to:   She was suicidal and suffered mental and emotional damages after her interactions with Deputy Sheriff Marty Rainey; she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; she endured a loss of personal freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, anxiety, and was forced to require hospitalization for physical and mental injuries due to Sheriff Ephorst's actions.

WHEREFORE, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for Judgment against Defendant Sheriff Ephorst in an amount to be determined by the Court, together

with special damages for her mental and physical injuries, and costs herein expended, for such other and further relief as this Court may deem just and proper.

## COUNT XV – DEFENDANT JOHN DOE – VIOLATIONS OF THE AMERICANS WITH DISABILITYS ACT

194.     Plaintiff fully and completely incorporates paragraphs 1-193 in Count XV of this Petition.

195.     Title II of the ADA applies to John Doe as a public entity.  Title II of the ADA protects qualified individuals with a disability from being "subjected to discrimination by any [public] entity," by reason of his or her disability.  42 U.S.C. § 12132.

196.     A public entity is liable for the vicarious acts of any of its employees that violate the ADA.

197.     That at times relevant to the counts herein, Deputy Sheriff/Officer Marty Rainey was acting in his capacity as a Deputy Sheriff/Officer and and using his employment as a deputy/sheriff police officer to discriminate against Jane Doe; Officer Marty Rainey was therefore acting in the scope and course of his employment with the Rosebud Police Department.

198.     Jane Doe was known to Deputy Sheriff/Officer Marty Rainey to have a mental illness.  She was totally incapacitated and totally disabled by reason of her mental condition during the time relevant to the incident and is thus a qualified person with a disability protected by the ADA.

199.     That from the time of the initial contact on January 29, 2012 to February 20, 2012, Deputy Sheriff/Officer Marty Rainey failed to adequately accommodate Jane Doe and used the apparent and inherent authority of a police offer to discriminate against Jane Doe.  Deputy Sheriff/Officer Marty Rainey coerced Jane Doe into having nonconsensual sexual intercourse with both him and Mr. Pohlmann, thereby directly discriminating against her.

36

200.     That between January 29, 2012 and February 20, 2012, Deputy Sheriff/Officer Marty Rainey sent 1,670 texts messages to Jane Doe's phone, many of which were sexually explicit in nature. Marty Rainey exchanged 84 text messages with Jane Doe in the first day he obtained her cell phone number.

201.     Deputy Sheriff/Officer Marty Rainey discriminated against Jane Doe due to her disability under Title II of the ADA.

202.     Defendant John Doe is liable for the acts of its employee, Deputy Sheriff/Officer Marty Rainey, under Title II of the ADA.

203.     That as a direct and proximate result of Deputy Sheriff/Officer Marty Rainey's discrimination against Jane Doe due to her disability, Defendant John Doe violated Title II of the ADA.

204.     That as a direct and proximate result of Defendant John Doe's discrimination, Jane Doe suffered physical and emotional damages, said injuries consisted of, but not limited to:   She was suicidal and suffered mental and emotional damages after her interactions with Marty Rainey; she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; she endured a loss of personal freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, anxiety, and was forced to require hospitalization for physical and mental injuries due to Gasconade County's actions.

WHEREFORE, pursuant to Title II of the ADA, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for Judgment against Defendant John Doe in an amount determined by this Court; for attorney's fees and costs; and, together with special damages for mental and

physical injuries, and costs herein expended, for such other and further relief as this Court may

deem just and proper.

## COUNT XVI – DEFENDANT JOHN DOE – VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT

205.    Plaintiff fully and completely incorporates paragraphs 1-204 in Count XVI of this

Petition.

206.    Defendant John Doe has been, and is, a recipient of federal funds, and thus is

covered by the mandate of Section 504 of the Rehabilitation Act.  Section 504 requires that no

otherwise qualified individual with a disability in the United States shall, by reason of his or her

disability, be subjected to discrimination under any program or activity receiving Federal financial

assistance.

207.    A public entity is liable for the vicarious acts of any of its employees that violate the

Rehabilitation Act.

208.    That at times relevant to the counts herein, Deputy Sheriff/Officer Marty Rainey

was acting in his capacity as a John Doe Deputy Sheriff/Officer and using his employment to

discriminate against Jane Doe; Deputy Sheriff/Officer Marty Rainey was therefore acting in the

scope and course of his employment with John Doe.

209.    Jane Doe was known to Deputy Sheriff/Officer Marty Rainey to have a mental

illness.  She was totally incapacitated and totally disabled by reason of her mental condition during

the time relevant to the incident and is thus a qualified person with a disability protected by Section

504.

210.    That from the time of the initial contact on January 29, 2012 to February 20, 2012,

Deputy Sheriff/Officer Marty Rainey failed to adequately accommodate Jane Doe and used the

apparent and inherent authority of a deputy sheriff/police offer to discriminate against Jane Doe.

38

Deputy Sheriff/Officer Marty Rainey coerced Jane Doe into having nonconsensual sexual

intercourse with both him and Mr. Pohlmann, thereby directly discriminating against her.

211.    That between January 29, 2012 and February 20, 2012, Deputy Sheriff/Officer

Marty Rainey sent 1,670 texts messages to Jane Doe's phone, many of which were sexually explicit

in nature.  Marty Rainey exchanged 84 text messages with Jane Doe in the first day he obtained her

cell phone number.

212.    Deputy Sheriff/Officer Marty Rainey discriminated against Jane Doe due to her

disability under Section 504 of the Rehabilitation Act.

213.    Defendant John Doe is liable for the acts of its employee, Deputy Sheriff/Officer

Marty Rainey, under Section 504 of the Rehabilitation Act.

214.    That as a direct and proximate result of Deputy Sheriff/Officer Marty Rainey's

discrimination against Jane Doe due to her disability, Defendant John Doe violated Section 504 of

the Rehabilitation Act.

215.    That as a direct and proximate result of Defendant John Doe's discrimination,  Jane

Doe suffered physical and emotional damages, said injuries consisted of, but not limited to:   She

was suicidal and suffered mental and emotional damages after her interactions with Marty Rainey;

she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and

will continue to suffer from intense anxiety; she endured a loss of personal freedom; and she

suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, anxiety, and was

forced to require hospitalization for physical and mental injuries due to John Doe's actions.

WHEREFORE, pursuant to Section 504 of the Rehabilitation Act, Jane Doe, by and through

her legal guardian, Plaintiff D.P., prays for Judgment against Defendant John Doe in an amount

determined by this Court; for attorney's fees and costs; and, together with special damages for

39

mental and physical injuries, and costs herein expended, for such other and further relief as this Court may deem just and proper.

**Respectfully submitted,**

**Goffstein Law, LLC**

/s/ Adam M. Goffstein_____
**Adam M. Goffstein, #MO46511**
Goffstein Law, LLC
Attorney for Plaintiff
7777 Bonhomme, Suite 1910
St. Louis, Missouri 63105
Phone:  (314) 725-5151
Fax:  (314) 725-5161

**Orlowsky Law, LLC**

/s/ Daniel J. Orlowsky___
**Daniel J. Orlowsky, #MO57387**
Orlowsky Law, LLC
Attorney for Plaintiff
7777 Bonhomme, Suite 1910
St. Louis, Missouri 63105
Phone:  (314) 725-5151
Fax:  (314) 725-5161