UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| D.P. LEGAL GUARDIAN FOR JANE DOE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CITY OF HERMANN, MISSOURI, Et al.,<br><br>　　　　Defendants. | Case No. 4:17-CV-00308-AGF |

## STIPULATED PROTECTIVE ORDER

This Stipulated Protective Order ("Order") is entered into between Plaintiff D.P., and Defendants City of Hermann, Missouri and City of Rosebud, Missouri, and is approved and entered by the Court. Plaintiff and Defendants seek entry of this Order because they recognize that certain discoverable[1] documents or deposition testimony may contain information that is confidential or proprietary in nature. A disclosure of such information may well be detrimental to both parties and non-parties and should be avoided. Both Plaintiff and Defendants agree as follows:

1. All documents, interrogatory answers, admissions or other discovery materials produced or obtained as a result of discovery in this litigation, including deposition transcript pages as designated pursuant to paragraph 7 herein, and including discovery obtained from third parties containing, comprising, or referring or relating to confidential facts, matters, data, and information, shall be considered "CONFIDENTIAL INFORMATION," subject to this Order if designated by the producing party as "CONFIDENTIAL."

---

[1] By agreeing to this Order, the parties in no way agree that any information is properly discoverable and explicitly reserve the right to object to any discovery in the production of sensitive, proprietary or confidential information.

2. In the event, at any stage of the proceedings, any party to this action disagrees with the designation of any information as "CONFIDENTIAL," the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the party opposing the confidential designation may apply for appropriate relief to the Court, which will be permitted to conduct an *in camera* inspection of the challenged materials. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

3. All discovery materials produced or obtained as a result of discovery in this litigation, as described in paragraph 1 herein, shall be used solely for the purpose of this action. Any information designated "CONFIDENTIAL" shall not be used by the receiving party herein for any other purpose, without permission of counsel for the producing party, or an order of the Court.

4. The parties to this Order shall not disseminate or disclose information or material designated "CONFIDENTIAL" except as set forth herein. Disclosure of information designated "CONFIDENTIAL" shall be limited to the parties, counsel for the parties, counsel's investigators and legal and clerical assistance, and those categories of persons listed in paragraph 5 below who are necessary to the prosecution or defense of this action.

5. Information designated "CONFIDENTIAL" may be disclosed to the following persons on a need-to-know basis:

2

a. A party, or any officer, director or employee of a party deemed necessary by counsel to aid in the prosecution, defense or settlement of this action;

b. Attorneys for a party and employees and assistants who are assisting those attorneys in this action;

c. Potential witnesses at deposition or trial, and the witnesses' counsel, counsel, if the information designated "CONFIDENTIAL" is reasonably necessary and related to their anticipated testimony, provided that they are provided with a copy of this Order and agree to be bound by its terms and acknowledge same by signing an undertaking in the form attached hereto as Exhibit A;

d. Any person retained or anticipated to be retained by any party or their counsel for the sole purpose of providing expert testimony in the above-referenced litigation and such person's investigators, and professional and clerical assistance and any person retained or anticipated to be retained by any party or their counsel for the sole purpose of providing professional consultation or other advisory services in connection with the above-referenced lawsuit and such persons, investigators, and professional and clerical assistance, if information designated "CONFIDENTIAL" is reasonably necessary and related to their anticipated testimony or consultation or advisory services, provided that they are furnished with a copy of this Order and agree to be bound by its terms and acknowledge same by signing an undertaking in the form attached hereto as Exhibit A;

e. The author of the document or the original source of the information;

    f.    Court reporters or videographers employed in this action;

    g.    The Court and its staff;

    h.    Any other person who is permitted to view such information per the order of the Court or the consent of all parties; and

    i.    At trial, information designated "CONFIDENTIAL" may be introduced into evidence at the trial, but the parties shall exercise all reasonable care not to disclose such information needlessly.

6.    Deposition testimony by any party to this case, any employee or agent of a party to this case, or any expert witnesses retained by the parties to this case containing or reflecting CONFIDENTIAL INFORMATION is to be governed by the terms of this Order. All deposition testimony shall be deemed CONFIDENTIAL for a period of Thirty (30) days after counsels' receipt of a copy of the transcript. The parties shall identify those portions, if any, of the deposition which are to remain confidential within Thirty (30) days of receipt of the transcript by labeling those portions of the deposition transcript as "CONFIDENTIAL" and circulating labeled copies to all parties within the Thirty (30) days.

7.    CONFIDENTIAL INFORMATION may be filed with the Court, or included in whole or in part in pleadings, motions or briefs only if submitted under seal.

8.    Nothing in this Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, or oppose the production or admissibility of any information or documents that have been requested.

9. The execution of this Order shall not be construed as an agreement by any party to produce or supply any information, as a waiver by any party of its right to object to any discovery sought by any other party or as a waiver of any privilege. Production, receipt or designation of information pursuant to this Order as "CONFIDENTIAL" shall not be construed as a concession by any party that such information is relevant or material to any issue in this case.

10. Because it is understood by the parties to this action that certain CONFIDENTIAL INFORMATION may constitute valuable information, the Court may impose appropriate sanctions for any violation of this Order.

11. In the event a non-designating party receives any subpoena or process pertaining to any CONFIDENTIAL INFORMATION, it will immediately notify counsel for the producing party. No party receiving such a subpoena or process shall furnish copies of CONFIDENTIAL INFORMATION to, or permit inspection thereof by, a person seeking the CONFIDENTIAL INFORMATION by subpoena or process, except pursuant to the consent of the original producing party or an order of a court of competent jurisdiction.

12. This Order shall remain in full force in effect until such time as it is modified, amended by the Parties or rescinded by the Court or until such time as the parties may petition the Court to modify or amend its terms.

July 5, 2017
Date

_(signature)_
Judge

GOFFSTEIN LAW, LLC.

_____
Adam M. Goffstein, #MO45611
7777 Bonhomme Avenue, Suite 1910
Clayton, Missouri 63105
Phone: 314-725-5151
Facsimile: 314-725-5161
Adam@goffsteinlaw.com

Attorney for Plaintiff

ORLOWSKY LAW, LLC.

_____
Daniel J. Orlowsky, #MO57387
7777 Bonhomme Avenue, Suite 1910
Clayton, Missouri 63105
Phone: 314-725-5151
Facsimile: 314-725-5161
Dan@Orlowskylaw.com

Attorney for Plaintiff


KING and KREHBIEL, LLC


/s/ Blake D. Hill
_____
Blake D. Hill, #MO58926
2000 S. Hanley Road
St. Louis, Missouri 63144
Phone: (314) 646-1110
Facsimile: (314) 646-1122
bhill@kingkrehbiel.com

Attorney for Defendant City of Hermann

PAULE, CAMAZINE & BLUMENTHAL, P.C.

*[signature]*

D. Keith Henson, #MO31988
165 North Meramec Avenue, Suite 110
Clayton, Missouri 63105
Telephone: (314) 727-2266
Facsimile: (314) 727-2101
khenson@psclawfirm.com
Attorney for Defendant City of Rosebud, Missouri
