**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT**

| | | |
|---|---|---|
| D.P., LEGAL GUARDIAN FOR JANE DOE | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:17-CV-00308 |
| | ) | |
| vs. | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |
| CITY OF HERMANN, MISSOURI, MARLON | ) | |
| WALKER, individually, FRANK TENNANT, | ) | |
| individually, CHRISTOPHER NEACE, | ) | |
| individually, SHAWN MAYBERRY, | ) | |
| individually, MATTHEW MILLER, | ) | |
| individually, MATTHEW STRAATMANN, | ) | |
| individually, and JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

**SECOND AMENDED COMPLAINT**

COMES NOW, Jane Doe, by and through her legal guardian, Plaintiff D.P., bringing suit

under a fictitious name, by and through her attorneys of record, and states as follows:

**INTRODUCTION**

1.      Defendants violated (a) the Americans with Disabilities Act, 42 U.S.C. § 12132; (b)

the Rehabilitation Act, 42 U.S.C. §794a; (c) the Civil Rights Act of 1871, 42 U.S.C. §1983; and (d)

the United States Constitution.

2.      Officer Marty Rainey failed to adequately accommodate Jane Doe and used the

apparent and inherent authority of a police officer to discriminate against Jane Doe.

3.      Officer Marty Rainey coerced Jane Doe into having nonconsensual sexual

intercourse with both him and another individual, thereby directly discriminating against her,

infringing upon her bodily integrity and freedom from wrongful seizure, invading her privacy, and

causing severe emotional and mental anguish to Jane Doe.

4.      In October of 2012, Jane Doe reported Marty Rainey's actions, including the sexual assault and discrimination, to law enforcement.

5.      The reaction from the City of Hermann Police Department was oppressive and relentless.

6.      Defendants' retaliation against Jane Doe for the exercise of her right to free speech included constant calls to Jane Doe's home, the staking out of her home, at times almost daily following of Jane Doe by armed police officers, and verbal threats.

7.      This escalated into multiple instances of harassment and discrimination of Jane Doe by Hermann police officers.

8.      Defendants have improperly deprived Jane Doe of her constitutional right of freedom of speech.

9.      The City of Hermann has at its services an armed police force.  The City of Hermann has employed its armed police officers to great effect in order to harass and intimidate Jane Doe.

## **PARTIES**

10.      Jane Doe is a 25-year-old mentally incapacitated woman who is bringing this action by and through her legal guardian, D.P.

11.      Jane Doe (hereinafter "Plaintiff") is now and was at all times herein mentioned totally incapacitated and totally disabled by reason of her mental condition.

12.      Jane Doe was at all times a citizen of the United States of America and of the State of Missouri.

13.      Defendant City of Hermann is a city located in Gasconade County, Missouri.

14.     Defendant Chief of Hermann Police Marlon Walker, in his individual capacity, was at all times relevant to the counts in this Complaint a citizen of the United States of America and a resident of the State of Missouri.

15.     Defendant, Former Chief of Hermann Police Frank Tennant in his individual capacity, was at all times relevant to the counts in this Complaint a citizen of the United States of America and a resident of the State of Missouri.

16.     Defendant City of Hermann Police Officer Christopher Neace, in his individual capacity, was at all times relevant to the counts in this Complaint a citizen of the United States of America and a resident of the State of Missouri.

17.     Defendant City of Hermann Police Officer, Shawn Mayberry, in his individual capacity, was at all times relevant to the counts in this Complaint a citizen of the United States of America and a resident of the State of Missouri.

18.     Defendant City of Hermann Police Officer Matthew Miller, in his individual capacity, was at all times relevant to the counts in this Complaint a citizen of the United States of America and a resident of the State of Missouri.

19.     Defendant City of Hermann Police Officer Matthew Straatmann, in his individual capacity, was at all times relevant to the counts in this Complaint a citizen of the United States of America and a resident of the State of Missouri.

20.     John Doe will be identified through discovery, but is not presently known.

## JURISDICATION AND VENUE

21.     This action is brought under 42 U.S.C. §§§ 12132, 794a, 1983, the United States Constitution, and the First Amendment to the United States Constitution.

22.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

23.     Additionally, this Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

24.     That all Defendants are residents of the State of Missouri and reside within the Eastern District of Missouri.  Therefore, venue is proper in the Eastern District of Missouri under 28 U.S.C. § 1391(b)(1) and E.D. Mo. L.R. 3-2.07(B)(2).

## COLOR OF STATE LAW

25.     At all relevant times Marty Rainey and Defendant Police Officers Walker, Tennant, Neace, Mayberry, Miller, and Straatmann were in uniform and acting within the scope of their employment and under color of state law.  Particularly, at all relevant times the Defendant Police Officers Walker, Tennant, Neace, Mayberry, Miller, and Straatmann acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri, and its political subdivisions.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

26.     That on or about January 29, 2012, Marty Rainey took a report of Jane Doe's family's vehicle being vandalized at Jane Doe's house.

27.     That on or about January 29, 2012, Marty Rainey came into contact with Jane Doe regarding the aforementioned police report call to her home and obtained her address and telephone contact information.

28.     That on or about January 29, 2012, Marty Rainey became immediately aware that Jane Doe was mentally disabled.

29.     That after that initial contact with Jane Doe, Marty Rainey began to repeatedly call and send text messages to Jane Doe.

4

30.     That between January 29, 2012 and February 20, 2012, Marty Rainey sent 1,670 texts messages to Jane Doe's phone, many of which were sexually explicit in nature.  Marty Rainey exchanged 84 text messages with Jane Doe in the first day he obtained her cell phone number.

31.     That on January 29, 2012, Marty Rainey began sending Jane Doe texts, which quickly became sexual in nature.  Marty Rainey asked Jane Doe to text nude photographs of herself.  Officer Marty Rainey threatened Jane Doe that if she did not do so, he would not help her mother with the investigation of vandalism.

32.     That after January 29, 2012 Marty Rainey told Jane Doe numerous times that if she did not adhere to his sexual requests he would not help her mother with his vandalism investigation and her mother would be in trouble with the law.

33.     That after January 29, 2012, Marty Rainey asked Jane Doe to meet him at the Hermann City Park alone regarding police matters and not to tell anyone about it.

34.     That after January 29, 2012, Marty Rainey picked up Jane Doe at the Hermann City Park.  Marty Rainey took Jane Doe's cell phone and made sure there was no record of his requests to meet him still saved on her phone.

35.     Once inside the patrol vehicle, Marty Rainey took Jane Doe for a drive on Gasconade County backroads, where he unbuttoned her pants and placed his hand inside.  Jane Doe was scared and shaking as Marty Rainey felt her.  Marty Rainey told Jane Doe not to tell anyone what happened or he would get in trouble and would also not be able to help her mother in the investigation.

36.     That in the days following the sexual event, Marty Rainey continued to text Jane Doe and introduced her to Jonathan Pohlmann.  Marty Rainey told Jane Doe that she needed to "Please [Jonathan Pohlmann]."

5

37.     Jane Doe did not want to have sex with Mr. Pohlmann, but she wanted to help her mother and did not want to upset Marty Rainey.

38.     As a result, Jane Doe went to Mr. Pohlmann's house at Marty Rainey's request on numerous occasions.

39.     That on February 5, 2012, Mr. Pohlmann contacted Jane Doe at Marty Rainey's direction and arranged to meet her in the neighborhood, away from her home, where he drove her to his residence in Owensville, Missouri.  Once at the residence, Mr. Pohlmann instructed Jane Doe to go to the bedroom and take her clothes off.  When Jane Doe asked why, Mr. Pohlmann told her, "Because [Marty Rainey] wants you to."  Marty Rainey arrived at the home and was watched as Jane Doe and Mr. Pohlmann had sex.

40.     Following the February 5, 2012 sexual encounter, Marty Rainey washed Jane Doe's underwear and told her, "I best not find out you told anybody."

41.     Jane Doe continued to receive texts from Marty Rainey and Mr. Pohlmann in the days following.

42.     That on February 18, 2012, Officer Marty Rainey, while on duty and acting in his capacity as a Hermann Police Department Officer, sent numerous texts and made numerous phone calls to both Jane Doe and Mr. Pohlmann, arranging for them all to have sexual intercourse later that evening.  Officer Marty Rainey also sent numerous texts to Mr. Pohlmann inquiring as to whether or not Mr. Pohlmann and Jane Doe were having sexual intercourse yet.

43.     That on February 18, 2012, Jane Doe was once again transported by Mr. Pohlmann to his residence in Owensville, Missouri.  Marty Rainey arrived at the residence, wearing his Hermann Police Department uniform and carrying a service-issued police firearm.  Jane Doe

overheard Marty Rainey and Mr. Pohlmann talking about a video camera in the bedroom of the residence.

44.     Jane Doe consumed a drink and food, provided by Marty Rainey and began to feel "drugged."

45.     That on February 18, 2012, Jane Doe had sexual intercourse with both Marty Rainey and Mr. Pohlmann.

46.     The next morning, February 19, 2012, when Jane Doe awoke, she was dressed in only a shirt and it was covered in semen.  Jane Doe knew she had sex with both Marty Rainey and Mr. Pohlmann multiple times the night before.  They also showed her pictures they had taken during sexual intercourse with her which showed both of them having sex with her.

47.     That on February 19, 2012, Jane Doe sought medical treatment for injuries suffered from having sexual intercourse with Marty Rainey and Mr. Pohlmann, included but not limited to anal tearing.

48.     That at all times material hereto, Marty Rainey was acting in the course and scope of his employment with Defendant City of Hermann and acting under color of state law.

49.     That in October, 2012, Jane Doe informed Gasconade County Sheriff Randy Esphorst and Captain Chuck Howard of the discrimination and assault she suffered as a result of Marty Rainey's actions.  This was a matter of public concern.

50.     The City of Hermann Police Department was subsequently informed of Officer Marty Rainey's actions, including the sexual assault and discrimination, of mentally disabled Jane Doe.

51.     As a result of Jane Doe's exercise of her free speech in reporting of the discrimination and assault that she suffered, Jane Doe became the object of intimidation, harassment and retaliatory actions at the hands of each of the Defendants.

52.     But-for Jane Doe's reporting of Marty Rainey's discrimination and assault of her, Jane Doe would not have been intimated, harassed, and been the subject of retaliatory actions by each of the Defendants.

53.     Jane Doe was singled out because she exercised her constitutional right to free speech by reporting Marty Rainey's actions against her.

54.     When Jane Doe and her family complained that they were being harassed, the harassment escalated.

55.     Jane Doe was harassed, intimidated and was the object of retaliatory action by Defendant City of Hermann and Defendant Police Officers Walker, Tennant, Neace, Mayberry, Miller, and Straatmann on numerous occasions for approximately four (4) years.

56.     Beginning on or about January 2, 2013 and continuing until on or about March 21, 2017, Jane Doe was discriminated against, harassed, intimidated and was the object of retaliatory action by the Defendant City of Hermann and its armed police officers, Defendants Walker, Tennant, Neace, Mayberry, Miller, and Straatmann.

57.     Jane Doe remains fearful of retaliation by the Defendants.

58.     Jane Doe has an IQ in the 59 range.  Being discriminated against, and sexually assaulted by a law enforcement officer, Marty Rainey, made her very fearful of being touched, or contacted in any manner by anyone in a police uniform.

59.     Jane Doe was harassed, intimidated and was the object of retaliatory action by the Defendant City of Hermann and its armed police officers, Defendants Walker, Tennant, Neace,

8

Mayberry, Miller, and Straatmann on approximately eighty (80) separate occasions, and approximately forty (40) of which resulted in the creation of offense/incident reports by the Hermann Police Department.  Almost all of these harassment and retaliatory actions resulted in no convictions, let alone even charges of Jane Doe.

60.     Defendants Walker, Tennant, Neace, Mayberry, Miller, and Straatmann called Jane Doe's home on numerous occasions seeking to harass, intimidate, and subject Jane Doe to retaliatory action for reporting the discrimination and assault by Marty Rainey to the proper authorities.

61.     Defendant Neace called Jane Doe's house on one occasion and threatened to arrest her if Plaintiff D.P. did not bring Jane Doe down to the police station because she allegedly tried to break-in to a local business.  Plaintiff D.P. refused because Jane Doe did not commit the break-in. The City of Hermann Police Department never arrested, charged, or convicted her for the alleged crime.

62.     On one occasion, certain Defendants entered Jane Doe's home without consent seeking to harass, intimidate, and subject Jane Doe and her family to retaliatory action for reporting the discrimination and assault by Marty Rainey to the proper authorities.

63.     Hermann Police Department Officers staked out Plaintiff D.P. and Jane Doe's home with marked police cars in order to intimidate and frighten Jane Doe.

64.     Hermann Police Department Officers traveled outside their jurisdiction to Plaintiff D.P. and Jane Doe's home in Montgomery County and parked their marked police cars in front of their home in order to intimidate and frighten Jane Doe.

65.     Defendant Police Chief Walker, and Defendant Police Officers Straatmann, Mayberry, and Neace, on numerous occasions, ridiculed Plaintiff D.P. by telling her that she was not a good guardian to Jane Doe and that Jane Doe was worthless.

66.     On numerous occasions, Jane Doe was discriminated against by Defendants Walker, Tennant, Neace, Mayberry, Miller, and Straatmann because of her disability.

67.     Defendant Mayberry brought Plaintiff D.P. home from the police station one night in his Hermann Police Department Patrol Car.  Defendant Mayberry told Plaintiff D.P. that the streets in the City of Hermann are his streets and that because Jane Doe has disabilities, Defendant Mayberry and the City of Hermann Police Department do not want her on their streets.

68.     After dealing with the discrimination and assault by Marty Rainey, and reporting it to the proper authorities, Jane Doe was issued multiple tickets for peace disturbance, resisting arrest, following too close, stop sign violation, and others.  All issued by Defendant City of Hermann and its armed police officers, Defendants Walker, Tennant, Neace, Mayberry, Miller, and Straatmann after Marty Rainey discriminated against and assaulted Jane Doe while in his Hermann Police Department uniform that terrified and harmed her.

69.     For example, on or about October 26, 2017, Defendant Walker and Defendant Miller, taunted and intimidated Jane Doe both before and after a citation for peace disturbance was issued.  Harassment and intimidation by police officers is inappropriate under any circumstances.  But this conduct is even more egregious when done to an individual with Jane Doe's IQ level.  Moreover, this type of retaliation was done to a young woman who was discriminated against and sexually assaulted by a City of Hermann law enforcement officer.

70.     Defendant Miller forced and intimidated Jane Doe to "sing" the ticket as a way of acknowledging that she received it.

10

71.     All of this harassment and intimidation was instigated by Defendants in order to give the Police Department the opportunity to punish Jane Doe for her speech.

72.     Of the approximately forty (40) offense/incident reports the Hermann Police Department created, approximately thirty-eight (38) have been terminated without a conviction of any kind of Jane Doe.

73.     The harassment and intimidation of Jane Doe as alleged above was done at the behest, direction and with the knowledge of Defendant City of Hermann.

74.     The conduct of intimidating and retaliating against persons who exercise their right of free speech was a persistent practice within the Police Department and the City of Hermann. Defendants knew that Defendants' conduct violated Jane Doe's constitutional rights.  Defendants acted with reckless indifference toward this conduct and were aware of and approved this conduct.

75.     Defendants' acts were done with knowledge and intent that they would cause severe emotional distress to Jane Doe.

76.     Defendants' actions were intentional, outrageous and were conducted with malice.

77.     Defendants violated Plaintiffs' clearly established constitutional and statutory rights, including the right of free speech guaranteed buy the United States Constitution.

78.     Defendants knowingly denied Jane Doe of her rights and protections afforded by the law.

79.     Jane Doe was the victim of vindictive actions by the police to intimidate her and her family through the power of government.  The acts perpetrated by Defendants were done in furtherance of the City of Hermann's policy to intimidate and retaliate against those who exercise their rights in a way which the City of Hermann does not like.

80.     These actions of the City of Hermann and its police officers kept Jane Doe in a constant state of fright and apprehension for her safety and well-being, which damaged, and continues to damage, Jane Doe's health.

81.     The conduct of each Defendant occurred under the color of state law.

82.     That from the time of the initial contact on January 29, 2012 to February 20, 2012, Marty Rainey failed to adequately accommodate Jane Doe and used the apparent and inherent authority of a police officer to discriminate against Jane Doe.  Marty Rainey coerced Jane Doe into having nonconsensual sexual intercourse with both him and Mr. Pohlmann, thereby directly discriminating against her, infringing upon her bodily integrity and freedom from wrongful seizure, invading her privacy, and causing severe emotional and mental anguish to Jane Doe, as more fully set forth in the following Counts.

83.     That between January 2, 2013 and continuing into March, 2017, Defendant City of Hermann and its armed police officers, Defendants Walker, Tennant, Neace, Mayberry, Miller, and Straatmann failed to adequately accommodate Jane Doe and used the apparent and inherent authority of a police department and its police officers to discriminate against Jane Doe. Defendants targeted and Jane Doe directly discriminated against her because of her disability, causing severe emotional and mental anguish to Jane Doe, as more fully set forth in the following Counts.

84.     That as a direct and proximate result of Defendant City of Hermann's discrimination, Jane Doe suffered physical and emotional damages, said injuries consisted of, but not limited to:   She was suicidal and suffered mental and emotional damages after her interactions with Marty Rainey; she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; she endured a loss of personal

freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear,

anxiety, and was forced to require hospitalization for physical and mental injuries due to

Gasconade County's actions.

85.     That as a direct and proximate result of each of Defendants' retaliatory conduct,

Jane Doe suffered extreme humiliation and embarrassment, anxiety, trauma, stress, emotional

distress, ostracism by the community, diminished reputation in the community, damage to her

health, and a deprivation of constitutional rights.

## COUNT I – DEFENDANT CITY OF HERMANN – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

86.     Plaintiff fully and completely incorporates paragraphs 1-85 in Count I of this

Petition.

87.     Title II of the Americans with Disabilities Act (ADA) applies to Defendant City of

Hermann as a public entity.  Title II of the ADA protects qualified individuals with a disability

from being "subjected to discrimination by any [public] entity," by reason of his or her disability.

42 U.S.C. § 12132.

88.     A public entity is liable for the vicarious acts of any of its employees that violate the

ADA.

89.     That at times relevant to the counts herein, Marty Rainey was acting in his capacity

as a Hermann Police Department Police Officer and using his employment as a police officer to

discriminate against Jane Doe; Marty Rainey was therefore acting in the scope and course of his

employment with the City of Hermann.

90.     That at times relevant to the counts herein, Defendants Walker, Tennant, Neace,

Mayberry, Miller, and Straatmann were acting in their capacity as Hermann Police Department

Police Officers and using their employment as police officers to discriminate against Jane Doe;

13

Defendants were therefore acting in the scope and course of their employment with the City of Hermann.

91.     Jane Doe was known to Officer Marty Rainey and Defendants to have a mental disability.  She was incapacitated and disabled by reason of her mental condition during the time relevant to the incident and is thus a qualified person with a disability protected by the ADA.

92.     That from the time of the initial contact on January 29, 2012 to February 20, 2012, Officer Marty Rainey failed to adequately accommodate Jane Doe and used the apparent and inherent authority of a police offer to discriminate against Jane Doe.  Officer Marty Rainey coerced Jane Doe into having nonconsensual sexual intercourse with both him and Mr. Pohlmann, thereby directly discriminating against her.

93.     That on February 18, 2012, Officer Marty Rainey, while on duty and acting in his capacity as a Hermann Police Department Officer, sent numerous texts and made numerous phone calls to both Jane Doe and Mr. Pohlmann, arranging for them all to have sexual intercourse later that evening.  Officer Marty Rainey also sent numerous texts to Mr. Pohlmann inquiring as to whether or not Mr. Pohlmann and Jane Doe were having sexual intercourse yet.

94.     That on February 18, 2012, Jane Doe was transported by Mr. Pohlmann to his residence in Owensville, Missouri.  Officer Marty Rainey arrived at the residence, wearing his Hermann Police Department uniform and carrying a service-issued police firearm.  Jane Doe overheard Officer Marty Rainey and Mr. Pohlmann talking about a video camera in the bedroom of the residence.

95.     Jane Doe consumed a drink and food, provided by Marty Rainey, and began to feel "drugged."

96.     That on February 18, 2012, Jane Doe had sexual intercourse with both Officer Marty Rainey and Mr. Pohlmann.

97.     The next morning, February 19, 2012, when Jane Doe awoke, she was dressed in only a shirt and it was covered in semen.  Jane Doe knew she had sex with both Marty Rainey and Mr. Pohlmann multiple times the night before.  They also showed her pictures they had taken during sexual intercourse with her which showed both of them having sex with her.

98.     That on February 19, 2012, Jane Doe sought medical treatment for injuries suffered from having sexual intercourse with Officer Marty Rainey and Mr. Pohlmann.

99.     Officer Marty Rainey discriminated against Jane Doe due to her disability under Title II of the ADA.

100.    On numerous occasions, Jane Doe was discriminated against by Defendants Walker, Tennant, Neace, Mayberry, Miller, and Straatmann because of her disability.

101.    Defendant Mayberry brought Plaintiff D.P. home from the police station one night in his Hermann Police Department Patrol Car.  Defendant Mayberry told Plaintiff D.P. that the streets in the City of Hermann are his streets and that because Jane Doe has disabilities, Defendant Mayberry and the City of Hermann Police Department do not want her on their streets.

102.    Defendant City of Hermann is liable for the acts of its employee, Officer Marty Rainey, under Title II of the ADA.

103.    Defendant City of Hermann is liable for the acts of its employees, Defendant Officers Walker, Tennant, Neace, Mayberry, Miller, and Straatmann, under Title II of the ADA.

104.    That as a direct and proximate result of Officer Marty Rainey's discrimination against Jane Doe due to her disability, Defendant City of Hermann violated Title II of the ADA.

105.    That as a direct and proximate result of Defendant Officers Walker, Tennant, Neace, Mayberry, Miller, and Straatmann's discrimination against Jane Doe due to her disability, Defendant City of Hermann violated Title II of the ADA.

106.    That as a direct and proximate result of Defendant City of Hermann's discrimination,  Jane Doe suffered physical and emotional damages, said injuries consisted of, but not limited to:   She was suicidal and suffered mental and emotional damages after her interactions with Marty Rainey and Defendants; she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; she endured a loss of personal freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, anxiety, and was forced to require hospitalization for physical and mental injuries due to the City of Hermann's actions.

WHEREFORE, pursuant to Title II of the ADA, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for Judgment against Defendant City of Hermann in an amount determined by this Court; for attorney's fees and costs; and, together with special damages for mental and physical injuries, and costs herein expended, for such other and further relief as this Court may deem just and proper.

## COUNT II – DEFENDANT CITY OF HERMANN – VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT

107.    Plaintiff fully and completely incorporates paragraphs 1-106 in Count II of this Petition.

108.    Defendant City of Hermann has been, and is, a recipient of federal funds, and thus is covered by the mandate of Section 504 of the Rehabilitation Act.  Section 504 requires that no otherwise qualified individual with a disability in the United States shall, by reason of his or her

disability, be subjected to discrimination under any program or activity receiving Federal financial assistance.

109.    A public entity is liable for the vicarious acts of any of its employees that violate the Rehabilitation Act.

110.    That at times relevant to the counts herein, Officer Marty Rainey was acting in his capacity as a Hermann Police Department Police Officer and using his employment as a police officer to discriminate against Jane Doe; Officer Marty Rainey was therefore acting in the scope and course of his employment with the City of Hermann.

111.    That at times relevant to the counts herein, Defendants Walker, Tennant, Neace, Mayberry, Miller, and Straatmann were acting in their capacity as Hermann Police Department Police Officers and using their employment as police officers to discriminate against Jane Doe; Defendants were therefore acting in the scope and course of their employment with the City of Hermann.

112.    Jane Doe was known to Officer Marty Rainey and Defendants to have a mental disability.  She was incapacitated and disabled by reason of her mental condition during the time relevant to the incident and is thus a qualified person with a disability protected by Section 504.

113.    That from the time of the initial contact on January 29, 2012 to February 20, 2012, Officer Marty Rainey failed to adequately accommodate Jane Doe and used the apparent and inherent authority of a police officer to discriminate against Jane Doe.  Officer Marty Rainey coerced Jane Doe into having nonconsensual sexual intercourse with both him and Mr. Pohlmann, thereby directly discriminating against her.

114.    That on February 18, 2012, Officer Marty Rainey, while on duty and acting in his capacity as a Hermann Police Department Officer, sent numerous texts and made numerous phone

17

calls to both Jane Doe and Mr. Pohlmann, arranging for them all to have sexual intercourse later

that evening.  Officer Marty Rainey also sent numerous texts to Mr. Pohlmann inquiring as to

whether or not Mr. Pohlmann and Jane Doe were having sexual intercourse yet.

115.     That on February 18, 2012, Jane Doe was transported by Mr. Pohlmann to his

residence in Owensville, Missouri.  Officer Marty Rainey arrived at the residence, wearing his

Hermann Police Department uniform and carrying a service-issued police firearm.  Jane Doe

overheard Marty Rainey and Mr. Pohlmann talking about a video camera in the bedroom of the

residence.

116.     Jane Doe consumed a drink and food, provided by Marty Rainey, and began to feel

"drugged."

117.     That on February 18, 2012, Jane Doe had sexual intercourse with both Officer Marty

Rainey and Mr. Pohlmann.

118.     The next morning, February 19, 2012, when Jane Doe awoke, she was dressed in

only a shirt and it was covered in semen.  Jane Doe knew she had sex with both Marty Rainey and

Mr. Pohlmann multiple times the night before.  They also showed her pictures they had taken

during sexual intercourse with her which showed both of them having sex with her.

119.     That on February 19, 2012, Jane Doe sought medical treatment for injuries suffered

from having sexual intercourse with Marty Rainey and Mr. Pohlmann.

120.     Officer Marty Rainey discriminated against Jane Doe due to her disability under

Section 504 of the Rehabilitation Act.

121.     On numerous occasions, Jane Doe was discriminated against by Defendants Walker,

Tennant, Neace, Mayberry, Miller, and Straatmann because of her disability.

122.     Defendant Mayberry brought Plaintiff D.P. home from the police station one night in his Hermann Police Department Patrol Car.  Defendant Mayberry told Plaintiff D.P. that the streets in the City of Hermann are his streets and that because Jane Doe has disabilities, Defendant Mayberry and the City of Hermann Police Department do not want her on their streets.

123.     Defendant City of Hermann is liable for the acts of its employee, Officer Marty Rainey, under Section 504 of the Rehabilitation Act.

124.     Defendant City of Hermann is liable for the acts of its employees, Defendant Officers Walker, Tennant, Neace, Mayberry, Miller, and Straatmann, under Section 504 of the Rehabilitation Act.

125.     That as a direct and proximate result of Officer Marty Rainey's discrimination against Jane Doe due to her disability, Defendant City of Hermann violated Section 504 of the Rehabilitation Act.

126.     That as a direct and proximate result of Defendant Officers Walker, Tennant, Neace, Mayberry, Miller, and Straatmann's discrimination against Jane Doe due to her disability, Defendant City of Hermann violated Section 504 of the Rehabilitation Act.

127.     That as a direct and proximate result of Defendant City of Hermann's discrimination,  Jane Doe suffered physical and emotional damages, said injuries consisted of, but not limited to:   She was suicidal and suffered mental and emotional damages after her interactions with Marty Rainey and Defendants; she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; she endured a loss of personal freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, anxiety, and was forced to require hospitalization for physical and mental injuries due to the City of Hermann's actions.

WHEREFORE, pursuant to Section 504 of the Rehabilitation Act, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for Judgment against Defendant City of Hermann in an amount determined by this Court; for attorney's fees and costs; and, together with special damages for mental and physical injuries, and costs herein expended, for such other and further relief as this Court may deem just and proper.

### COUNT III – DEFENDANT CITY OF HERMANN – WILLFUL FAILURE TO SUPERVISE AMOUNTING TO A DELIBERATE INDIFFERENCE TO JANE DOE'S CONSTITUTIONAL RIGHTS

128.    Plaintiff fully and completely incorporates paragraphs 1-127 in Count III of this Petition and brings this claim under 42 U.S.C. § 1983.

129.    That upon information and belief, Defendant City of Hermann maintains liability insurance for wrongful actions committed by its employees; therefore, sovereign immunity is waived pursuant to Mo. Rev. Stat. § 537.610.

130.    That at times relevant to the counts herein, Defendant City of Hermann was the supervisor of Officer Marty Rainey in his work as a Hermann Police Department Police Officer.

131.    That at times relevant to the counts herein, Officer Marty Rainey was acting in his capacity as a Hermann Police Department Officer and using his employment as a police officer to further his illegitimate intentions regarding Jane Doe; Officer Marty Rainey was therefore acting in the scope and course of his employment with the City of Hermann.

132.    That at times relevant to the counts herein, Defendant City of Hermann was the supervisor of Defendants Walker, Tennant, Neace, Mayberry, Miller, and Straatmann in their work as a Hermann Police Department Police Officers.

133.    That at times relevant to the counts herein, Defendants Walker, Tennant, Neace, Mayberry, Miller, and Straatmann were acting in their capacity as Hermann Police Department

Police Officers and using their employment as police officers to engaged in actions designed to discriminate, intimidate, harass and retaliate against Jane Doe; Defendants were therefore acting in the scope and course of their employment with the City of Hermann.

134.    That upon information and belief, the Defendant City of Hermann knew or should have known that Officer Marty Rainey was violating department policies designed to protect citizens like Jane Doe.

135.    That upon information and belief, the Defendant City of Hermann knew or should have known that Defendants Walker, Tennant, Neace, Mayberry, Miller, and Straatmann were violating department policies designed to protect citizens like Jane Doe.

136.    That upon information and belief, Officer Marty Rainey, throughout his employment as a police officer and under Defendant City of Hermann's supervision, had regularly and persistently pursued inappropriate contact and relationships with women whom he met through his duties as a law enforcement officer, in violation of department policies.

137.    That Defendant City of Hermann's willfully reckless and careless failure to supervise Officer Marty Rainey's compliance with department policies amounted to a deliberate indifference to Jane Doe's constitutional rights.

138.    That as a direct and proximate result of Defendant City of Hermann's willfully reckless and careless failure to supervise, Officer Marty Rainey was able to use his employment to coerce Jane Doe into forceful and nonconsensual sexual intercourse with him, in violation of her rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

139.    That upon information and belief, Defendants Walker, Tennant, Neace, Mayberry, Miller, and Straatmann, throughout their employment as police officers and under Defendant City

of Hermann's supervision, engaged in actions designed to discriminate, intimidate, harass and retaliate against Jane Doe, in violation of department policies.

140.    That Defendant City of Hermann's willfully reckless and careless failure to supervise Defendants Walker, Tennant, Neace, Mayberry, Miller, and Straatmann's compliance with department policies amounted to a deliberate indifference to Jane Doe's constitutional rights.

141.    That as a direct and proximate result of Defendant City of Hermann's willfully reckless and careless failure to supervise, Defendants Walker, Tennant, Neace, Mayberry, Miller, and Straatmann were able to use their employment to engaged in actions designed to discriminate, intimidate, harass and retaliate against Jane Doe, in violation of her rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

142.    That as a direct and proximate result of Defendant City of Hermann's willfully reckless and careless failure to supervise, Jane Doe suffered physical and emotional damages, said injuries consisted of, but not limited to:   She was suicidal and suffered mental and emotional damages after her interactions with Marty Rainey and Defendants; she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; she endured a loss of personal freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, anxiety, and was forced to require hospitalization for physical and mental injuries due to the City Hermann's actions.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for Judgment against Defendant City of Hermann in an amount to be determined by the Court, together with special damages for her mental and physical injuries, and costs herein expended, for such other and further relief as this Court may deem just and proper.

## <u>COUNT IV – DEFENDANT CITY OF HERMANN –NEGLIGENT SUPERVISION</u>

143.    Plaintiff fully and completely incorporates paragraphs 1-142 in Count IV of this Petition.

144.    That at times relevant to the counts herein, Defendant City of Hermann was the employer and supervisor of Marty Rainey in his work as a Hermann Police Department police officer.

145.    That at times relevant to the counts herein, Marty Rainey was acting in his capacity as a Hermann Police Department Police Officer and using his employment as a police officer to further his illegitimate intentions regarding Jane Doe; Marty Rainey was therefore acting in the scope and course of his employment with the City of Hermann.

146.    That at times relevant to the counts herein, Defendant City of Hermann was the supervisor of Defendants Walker, Tennant, Neace, Mayberry, Miller, and Straatmann in their work as a Hermann Police Department Police Officers.

147.    That at times relevant to the counts herein, Defendants Walker, Tennant, Neace, Mayberry, Miller, and Straatmann were acting in their capacity as Hermann Police Department Police Officers and using their employment as police officers to engaged in actions designed to discriminate, intimidate, harass and retaliate against Jane Doe; Defendants were therefore acting in the scope and course of their employment with the City of Hermann.

148.    That the Defendant City of Hermann maintained a number of policies designed to protect citizens like Jane Doe, which governed police officers' interactions with citizens, suspects, and criminal elements.

23

149.    That upon information and belief, Defendant City of Hermann knew or should have known that Marty Rainey was violating department policies designed to protect citizens like Jane Doe.

150.    That upon information and belief, the Defendant City of Hermann knew or should have known that Defendants Walker, Tennant, Neace, Mayberry, Miller, and Straatmann were violating department policies designed to protect citizens like Jane Doe.

151.    That upon information and belief, Marty Rainey, throughout his employment with Defendant City of Herrmann, had regularly and persistently pursued inappropriate contact and relationships with women whom he met through his duties as a law enforcement officer, in violation of department policies.

152.    That Defendant City of Hermann was reckless and careless by failing to supervise Officer Marty Rainey's compliance with department policies.

153.    That as a direct and proximate result of Defendant City of Hermann recklessness and carelessness, Officer Marty Rainey was able to use his employment to coerce Jane Doe into forceful and nonconsensual sexual intercourse with him.

154.    That upon information and belief, Defendants Walker, Tennant, Neace, Mayberry, Miller, and Straatmann, throughout their employment as a police officers and under Defendant City of Hermann's supervision, engaged in actions designed to discriminate, intimidate, harass and retaliate against Jane Doe, in violation of department policies.

155.    That Defendant City of Hermann's was reckless and careless by failing to supervise Defendants Walker, Tennant, Neace, Mayberry, Miller, and Straatmann's compliance with department policies.

24

156.    That as a direct and proximate result of Defendant City of Hermann's recklessness and carelessness, Defendants Walker, Tennant, Neace, Mayberry, Miller, and Straatmann were able to use their employment to engaged in actions designed to discriminate, intimidate, harass and retaliate against Jane Doe.

157.    That as a direct and proximate result of Defendant City of Hermann's negligent supervision, Jane Doe suffered physical and emotional damages, said injuries consisted of, but not limited to:   She was suicidal and suffered mental and emotional damages after her interactions with Marty Rainey and Defendants; she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; she endured a loss of personal freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, anxiety, and was forced to require hospitalizations for physical and mental injuries due to over City of Hermann's actions, among other things.

WHEREFORE, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for Judgment against Defendant City of Hermann in an amount to be determined by the Court, together with special damages for her mental and physical injuries, and costs herein expended, for such other and further relief as this Court may deem just and proper.

## COUNT V – DEFENDANT CITY OF HERMANN – RETALIATION FOR EXERCISE OF FIRST AMENDMENT RIGHTS

158.    Plaintiff fully and completely incorporates paragraphs 1-157 in Count V of this Petition and brings this claim under 42 U.S.C. § 1983.

159.    That upon information and belief, Defendant City of Hermann maintains liability insurance for wrongful actions committed by its employees; therefore, sovereign immunity is waived pursuant to Mo. Rev. Stat. § 537.610.

160.    Plaintiffs' speech as described above constitutes constitutionally protected speech regarding the Police Department.

161.    That at all times relevant to the counts herein, Defendant City of Hermann was the supervisor of the Defendant City of Hermann Police Department Police Officers.

162.    The conduct of each Defendant City of Hermann Police Department Police Officers occurred under color of state law.  Defendant City of Hermann deprived Jane Doe of her constitutionally protected speech while acting under color of state law.

163.    The above-alleged conduct of Defendant City of Hermann arose as a retaliation for Jane's Does exercise of her constitutionally protected right to freedom of speech.

164.    Defendant City of Hermann's conduct was intended to harass, intimidate and retaliate against Jane Doe for her exercise of her constitutionally protected right to freedom of speech.

165.    Jane Doe's speech was a substantial motivating factor for Defendant City of Hermann's wrongful conduct.

166.    Jane Doe's speech concerned matters of public concern and, as such, constitutes the highest degree of speech protected by the First Amendment.

167.    The acts perpetrated by Defendant City of Hermann were done in furtherance of the City of Hermann's policy to intimidate, penalize or retaliate against those who exercise their rights in a way which the City of Hermann does not like.

168.    The above-alleged conduct by Defendant City of Hermann Police Officers occurred under color of state law.

169.    That upon information and belief, the Defendant City of Hermann knew or should have known that the Defendant Police Officers were violating department policies designed to protect citizens like Jane Doe.

170.    That Defendant City of Hermann acted with reckless disregard and with actual malice which amounted to a deliberate indifference to Jane Doe's constitutional rights.

171.    That as a direct and proximate result of Defendant City of Hermann's violation of Jane Doe's constitutional rights, Jane Doe suffered physical and emotional damages, said injuries consisted of, but not limited to:   She was suicidal and suffered mental and emotional damages after her interactions with Marty Rainey and Defendants; she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; she endured a loss of personal freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, anxiety, and was forced to require hospitalization for physical and mental injuries due to the City Hermann's actions.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for Judgment against Defendant City of Hermann in an amount to be determined by the Court, together with special damages for her mental and physical injuries, and costs herein expended, for such other and further relief as this Court may deem just and proper.

## COUNT VI – DEFENDANT CITY OF HERMANN – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

172.    Plaintiff fully and completely incorporates paragraphs 1-171 in Count VI of this Petition.

173.    That at all times relevant to the counts herein, Defendant City of Hermann was the employer of Marty Rainey in his work as a Hermann Police Department Police Officer.

174.    That at all times relevant to the counts herein, Marty Rainey was on duty, in uniform, operating a Hermann Police Department patrol vehicle, and using his employment as a police officer to further his illegitimate intentions regarding Jane Doe; Marty Rainey was therefore acting in the scope and course of his employment with the City of Hermann.

175.    That on or about January 29, 2012, Marty Rainey came into contact with Jane Doe regarding the aforementioned police report call to her home and obtained her address and telephone contact information, and proceeded to incessantly contact Jane Doe.

176.    That between January 29, 2012 and February 20, 2012, and while performing his duties as a City of Hermann Police Officer, Marty Rainey knowingly and purposely inflicted emotional distress on Jane Doe by sending 1,670 texts messages to Jane Doe's phone, many of which were sexually explicit in nature.  Marty Rainey exchanged 84 text messages with Jane Doe in the first day he obtained her cell phone number.

177.    That on or about January 29, 2012, Marty Rainey began sending Jane Doe texts, which quickly became sexual in nature.  Marty Rainey asked Jane Doe to text nude photographs of herself.  Marty Rainey threatened Jane Doe that if she did not do so, he would not help her mother with the investigation of vandalism.

178.    That after January 29, 2012 Marty Rainey told Jane Doe numerous times that if she did not adhere to his sexual requests he would not help her mother with his vandalism investigation and her mother would be in trouble with the law.

179.    That Marty Rainey used the threat of arresting Jane Doe's mother to induce Jane Doe into making painful decisions for the sake of her mother's freedom.

180.    That Marty Rainey used his knowledge of Jane Doe's severely strained mental and emotional condition and his authority and position as a police officer to induce Jane Doe into

28

traveling with to Mr. Pohlmann's residence in Owensville, Missouri with the expectation that only additional improper and unwanted sexual encounter with him would ensure her mother's freedom.

181.    That Marty Rainey's outrageous and intentional actions were undertaken solely for the purpose of causing extreme emotional and physical distress to Jane Doe.

182.    That as a proximate result of Marty Rainey's intentional and outrageous acts, while acting in the scope and course of his employment with the City of Hermann, Jane Doe suffered emotional damages, to wit: she suffered from severe and prolonged emotional anguish and depression, and she will continue to suffer from severe anguish and depression in the future; she suffered from intense anxiety and loss of dignity, and she will continue to suffer such emotional damages in the future.

WHEREFORE, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for Judgment against Defendant City of Hermann in an amount to be determined by the Court, together with special damages for her mental and physical injuries, and costs herein expended, for such other and further relief as this Court may deem just and proper.

## COUNT VII – DEFENDANT CITY OF HERMANN POLICE CHIEF MARLON WALKER – WILLFUL FAILURE TO SUPERVISE AMOUNTING TO A DELIBERATE INDIFFERENCE TO JANE DOE'S CONSTITUTIONAL RIGHTS

183.    Plaintiff fully and completely incorporates paragraphs 1-182 in Count VII of this Petition and brings this claim under 42 U.S.C. § 1983.

184.    That at times relevant to the counts herein, Defendant Chief Walker acted under the color of state law as the supervisor of Marty Rainey in his work as a City of Hermann Police Department Police Officer and was the chief law enforcement officer and policy maker in City of Hermann by virtue of Mo. Rev. Stat. § 57.010.01.

185.    That at times relevant to the counts herein, Officer Marty Rainey was acting in his capacity as a City of Hermann Police Department Police Officer and using his employment as a police officer to further his illegitimate intentions regarding Jane Doe; Marty Rainey was therefore acting in the scope and course of his employment with the City of Hermann Police Department.

186.    That at times relevant to the counts herein, Defendant Chief Walker was the supervisor of Defendants Neace, Mayberry, Miller, and Straatmann in their work as a Hermann Police Department Police Officers.

187.    That at times relevant to the counts herein, Defendants Walker, Tennant, Neace, Mayberry, Miller, and Straatmann were acting in their capacity as Hermann Police Department Police Officers and using their employment as police officers to engaged in actions designed to discriminate, intimidate, harass and retaliate against Jane Doe; Defendants were therefore acting in the scope and course of their employment with the City of Hermann.

188.    That the City of Hermann Police Department maintained a number of policies designed to protect citizens like Jane Doe, which governed police officers' interactions with citizens, suspects, and criminal elements.

189.    That upon information and belief, Defendant Chief Walker knew or should have known that Officer Marty Rainey was violating department policies designed to protect citizens like Jane Doe.

190.    That upon information and belief, the Defendant City of Hermann knew or should have known that Defendants Neace, Mayberry, Miller, and Straatmann were violating department policies designed to protect citizens like Jane Doe.

191.    That upon information and belief, Officer Marty Rainey, throughout his employment as a police officer and under Defendant City of Hermann's supervision, had regularly and

persistently pursued inappropriate contact and relationships with women whom he met through his duties as a law enforcement officer, in violation of department policies.

192.    That Defendant Walker's willfully reckless and careless failure to supervise Marty Rainey's compliance with department policies amounted to a deliberate indifference to Jane Doe's constitutional rights.

193.    That as a direct and proximate result of Defendant Chief Walker willfully reckless and careless failure to supervise, Officer Marty Rainey was able to use his employment to coerce Jane Doe into forceful and nonconsensual sexual intercourse with him, in violation of her rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

194.    That upon information and belief, Defendants Walker, Tennant, Neace, Mayberry, Miller, and Straatmann, throughout their employment as a police officers and under Defendant City of Hermann's supervision, engaged in actions designed to discriminate, intimidate, harass and retaliate against Jane Doe, in violation of department policies.

195.    That Defendant Walker's willfully reckless and careless failure to supervise Defendants Neace, Mayberry, Miller, and Straatmann's compliance with department policies amounted to a deliberate indifference to Jane Doe's constitutional rights.

196.    That as a direct and proximate result of Defendant Walker's willfully reckless and careless failure to supervise, Defendants Neace, Mayberry, Miller, and Straatmann were able to use their employment to engaged in actions designed to discriminate, intimidate, harass and retaliate against Jane Doe, in violation of her rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

197.    That as a direct and proximate result of Defendant Chief Walker's willfully reckless and careless failure to supervise, Jane Doe suffered physical and emotional damages, said injuries

31

consisted of, but not limited to:   She was suicidal and suffered mental and emotional damages after her interactions with Officer Marty Rainey and Defendants; she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; she endured a loss of personal freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, anxiety, and was forced to require hospitalization for physical and mental injuries due to Chief Walker's actions.

WHEREFORE, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for Judgment against Defendant Chief Walker in an amount to be determined by the Court, together with special damages for her mental and physical injuries, and costs herein expended, for such other and further relief as this Court may deem just and proper.

## COUNT VIII – DEFENDANT CITY OF HERMANN POLICE CHIEF MARLON WALKER –NEGLIGENT SUPERVISION

198.    Plaintiff fully and completely incorporates paragraphs 1-197 in Count VIII of the Petition.

199.    That at times relevant to the counts herein, Defendant Chief Walker was the supervisor of Marty Rainey in his work as a Hermann Police Department police officer.

200.    That at times relevant to the counts herein, Marty Rainey was acting in his capacity as a Hermann Police Department Police Officer and using his employment as a police officer to further his illegitimate intentions regarding Jane Doe; Marty Rainey was therefore acting in the scope and course of his employment with the City of Hermann.

201.    That at times relevant to the counts herein, Defendant Walker was the supervisor of Defendants Neace, Mayberry, Miller, and Straatmann in their work as a Hermann Police Department Police Officers.

202.    That at times relevant to the counts herein, Defendants Walker, Tennant, Neace, Mayberry, Miller, and Straatmann were acting in their capacity as Hermann Police Department Police Officers and using their employment as police officers to engaged in actions designed to discriminate, intimidate, harass and retaliate against Jane Doe; Defendants were therefore acting in the scope and course of their employment with the City of Hermann.

203.    That the City of Hermann Police Department maintained a number of policies designed to protect citizens like Jane Doe, which governed police officers' interactions with citizens, suspects, and criminal elements.

204.    That upon information and belief, Defendant Chief Walker knew or should have known that Marty Rainey was violating department policies designed to protect citizens like Jane Doe.

205.    That upon information and belief, the Defendant City of Hermann knew or should have known that Defendants Walker, Tennant, Neace, Mayberry, Miller, and Straatmann were violating department policies designed to protect citizens like Jane Doe.

206.    That upon information and belief, Marty Rainey, throughout his employment as a police officer, had regularly and persistently pursued inappropriate contact and relationships with women whom he met through his duties as a law enforcement officer, in violation of department policies.

207.    That Defendant Chief Walker was reckless and careless by failing to supervise Marty Rainey's compliance with department policies.

208.    That as a direct and proximate result of Defendant Chief Walker's recklessness and carelessness, Marty Rainey was able to use his authority to coerce Jane Doe into forceful and nonconsensual sexual intercourse with him.

209.    That upon information and belief, Defendants Neace, Mayberry, Miller, and Straatmann, throughout their employment as a police officers and under Defendant Chief Walker's supervision, engaged in actions designed to discriminate, intimidate, harass and retaliate against Jane Doe, in violation of department policies.

210.    That Defendant Chief Walker was reckless and careless by failing to supervise Defendants Neace, Mayberry, Miller, and Straatmann's compliance with department policies.

211.    That as a direct and proximate result of Defendant Chief Walker's recklessness and carelessness, Defendants Neace, Mayberry, Miller, and Straatmann were able to use their employment to engaged in actions designed to discriminate, intimidate, harass and retaliate against Jane Doe.

212.    That as a direct and proximate result of Defendant Chief Walker's negligent supervision, Jane Doe suffered physical and emotional damages, said injuries consisted of, but not limited to:   She was suicidal and suffered mental and emotional damages after her interactions with Marty Rainey and Defendants; she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; she endured a loss of personal freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, anxiety, and was forced to require hospitalization for physical and mental injuries due to Chief Walker's actions.

WHEREFORE, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for Judgment against Defendant Chief Walker in an amount to be determined by the Court, together with special damages for her mental and physical injuries, and costs herein expended, for such other and further relief as this Court may deem just and proper.

## COUNT IX – DEFENDANT FORMER CITY OF HERMANN POLICE CHIEF MARLON WALKER – RETALIATION FOR EXERCISE OF FIRST AMENDMENT RIGHTS

213.　Plaintiff fully and completely incorporates paragraphs 1-212 in Count IX of this Petition and brings this claim under 42 U.S.C. § 1983.

214.　Jane Doe's speech as described above constitutes constitutionally protected speech regarding the Police Department.

215.　That at times relevant to the counts herein, Defendant Walker was the supervisor of the Defendant City of Hermann Police Department Police Officers.

216.　The conduct of Defendant Walker occurred under color of state law.  Defendant Walker deprived Jane Doe of her constitutionally protected speech while acting under color of state law.

217.　The above-alleged conduct of Defendant Walker arose as a retaliation for Jane's Does exercise of her constitutionally protected right to freedom of speech.

218.　Defendant Walker's conduct was intended to harass, intimidate and retaliate against Jane Doe for her exercise of her constitutionally protected right to freedom of speech.

219.　Jane Doe's speech was a substantial motivating factor for Defendant Walker's wrongful conduct.

220.　Jane Doe's speech concerned matters of public concern and, as such, constitutes the highest degree of speech protected by the First Amendment.

221.　The acts perpetrated by Defendant Walker were done in furtherance of the City of Hermann's policy to intimidate, penalize or retaliate against those who exercise their rights in a way which the City of Hermann does not like.

222.    That upon information and belief, Defendant Walker knew or should have known that the Defendant Police Officers were violating department policies designed to protect citizens like Jane Doe.

223.    That Defendant Walker acted with reckless disregard and with actual malice which amounted to a deliberate indifference to Jane Doe's constitutional rights.

224.    That as a direct and proximate result of Defendant Walker's violation of Jane Doe's constitutional rights, Jane Doe suffered physical and emotional damages, said injuries consisted of, but not limited to:   She was suicidal and suffered mental and emotional damages after her interactions with Marty Rainey and Defendants; she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; she endured a loss of personal freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, anxiety, and was forced to require hospitalization for physical and mental injuries due to the City Hermann's actions.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for Judgment against Defendant Walker in an amount to be determined by the Court, together with special damages for her mental and physical injuries, and costs herein expended, for such other and further relief as this Court may deem just and proper.

## COUNT X – DEFENDANT HERMANN POLICE CHIEF MARLON WALKER – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

225.    Plaintiff fully and completely incorporates paragraphs 1-224 in Count X of this Petition.

226.    That at times relevant to the counts herein, Defendant Walker was the supervisor of Marty Rainey in his work as a Hermann Police Department Police Officer.

227.    That at times relevant to the counts herein, Marty Rainey was on duty, in uniform, operating a Hermann Police Department patrol vehicle, and using his employment as a police officer to further his illegitimate intentions regarding Jane Doe; Marty Rainey was therefore acting in the scope and course of his employment with the City of Hermann.

228.    That on or about January 29, 2012, Marty Rainey came into contact with Jane Doe regarding the aforementioned police report call to her home and obtained her address and telephone contact information, and proceeded to incessantly contact Jane Doe.

229.    That between January 29, 2012 and February 20, 2012, and while performing his duties as a City of Hermann Police Officer, Marty Rainey knowingly and purposely inflicted emotional distress on Jane Doe by sending 1,670 texts messages to Jane Doe's phone, many of which were sexually explicit in nature.  Marty Rainey exchanged 84 text messages with Jane Doe in the first day he obtained her cell phone number.

230.    That on January 29, 2012, Marty Rainey began sending Jane Doe texts, which quickly became sexual in nature.  Marty Rainey asked Jane Doe to text nude photographs of herself.  Marty Rainey threatened Jane Doe that if she did not do so, he would not help her mother with the investigation of vandalism.

231.    That after January 29, 2012 Marty Rainey told Jane Doe numerous times that if she did not adhere to his sexual requests he would not help her mother with his vandalism investigation and her mother would be in trouble with the law.

232.    That Marty Rainey used the threat of arresting Jane Doe's mother to induce Jane Doe into making painful decisions for the sake of her mother's freedom.

233.    That Marty Rainey used his knowledge of Jane Doe's severely strained mental and emotional condition and his authority and position as a police officer to induce Jane Doe into

traveling with to Mr. Pohlmann's residence in Owensville, Missouri with the expectation that only additional improper and unwanted sexual encounter with him would ensure her mother's freedom.

234.    That Marty Rainey's outrageous and intentional actions were undertaken solely for the purpose of causing extreme emotional and physical distress to Jane Doe.

235.    That as a proximate result of Marty Rainey's intentional and outrageous acts, while acting in the scope and course of his employment with the City of Hermann, Jane Doe suffered emotional damages, to wit: she suffered from severe and prolonged emotional anguish and depression, and she will continue to suffer from severe anguish and depression in the future; she suffered from intense anxiety and loss of dignity, and she will continue to suffer such emotional damages in the future.

WHEREFORE, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for Judgment against Defendant Walker in an amount to be determined by the Court, together with special damages for her mental and physical injuries, and costs herein expended, for such other and further relief as this Court may deem just and proper.

## COUNT XI – DEFENDANT CITY OF HERMANN POLICE CHIEF FRANK TENNANT – WILLFUL FAILURE TO SUPERVISE AMOUNTING TO A DELIBERATE INDIFFERENCE TO JANE DOE'S CONSTITUTIONAL RIGHTS

236.    Plaintiff fully and completely incorporates paragraphs 1-235 in Count XI of this Petition and brings this claim under 42 U.S.C. § 1983.

237.    That at times relevant to the counts herein, Defendant Tennant acted under the color of state law as the supervisor of Marty Rainey in his work as a City of Hermann Police Department Police Officer and was the chief law enforcement officer and policy maker in City of Hermann by virtue of Mo. Rev. Stat. § 57.010.01.

238.     That at times relevant to the counts herein, Officer Marty Rainey was acting in his capacity as a City of Hermann Police Department Police Officer and using his employment as a police officer to further his illegitimate intentions regarding Jane Doe; Marty Rainey was therefore acting in the scope and course of his employment with the City of Hermann Police Department.

239.     That at times relevant to the counts herein, Defendant Tennant was the supervisor of Defendants Neace, Mayberry, Miller, and Straatmann in their work as a Hermann Police Department Police Officers.

240.     That at times relevant to the counts herein, Defendants Walker, Tennant, Neace, Mayberry, Miller, and Straatmann were acting in their capacity as Hermann Police Department Police Officers and using their employment as police officers to engaged in actions designed to discriminate, intimidate, harass and retaliate against Jane Doe; Defendants were therefore acting in the scope and course of their employment with the City of Hermann.

241.     That the City of Hermann Police Department maintained a number of policies designed to protect citizens like Jane Doe, which governed police officers' interactions with citizens, suspects, and criminal elements.

242.     That upon information and belief, Defendant Tennant knew or should have known that Officer Marty Rainey was violating department policies designed to protect citizens like Jane Doe.

243.     That upon information and belief, the Defendant Tennant knew or should have known that Defendants Neace, Mayberry, Miller, and Straatmann were violating department policies designed to protect citizens like Jane Doe.

244.     That upon information and belief, Officer Marty Rainey, throughout his employment as a police officer and under Defendant Tennant's supervision, had regularly and persistently

39

pursued inappropriate contact and relationships with women whom he met through his duties as a law enforcement officer, in violation of department policies.

245.    That Defendant Tennant's willfully reckless and careless failure to supervise Marty Rainey's compliance with department policies amounted to a deliberate indifference to Jane Doe's constitutional rights.

246.    That as a direct and proximate result of Defendant Tennant's willfully reckless and careless failure to supervise, Officer Marty Rainey was able to use his employment to coerce Jane Doe into forceful and nonconsensual sexual intercourse with him, in violation of her rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

247.    That upon information and belief, Defendants Neace, Mayberry, Miller, and Straatmann, throughout their employment as a police officers and under Defendant Tennant's supervision, engaged in actions designed to discriminate, intimidate, harass and retaliate against Jane Doe, in violation of department policies.

248.    That Defendant Tennant's willfully reckless and careless failure to supervise Defendants Neace, Mayberry, Miller, and Straatmann's compliance with department policies amounted to a deliberate indifference to Jane Doe's constitutional rights.

249.    That as a direct and proximate result of Defendant Tennant's willfully reckless and careless failure to supervise, Defendants Neace, Mayberry, Miller, and Straatmann were able to use their employment to engaged in actions designed to discriminate, intimidate, harass and retaliate against Jane Doe, in violation of her rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

250.    That as a direct and proximate result of Defendant Tennant's willfully reckless and careless failure to supervise, Jane Doe suffered physical and emotional damages, said injuries

consisted of, but not limited to:   She was suicidal and suffered mental and emotional damages after her interactions with Officer Marty Rainey and Defendants; she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; she endured a loss of personal freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, anxiety, and was forced to require hospitalization for physical and mental injuries due to Chief Tennant's actions.

WHEREFORE, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for Judgment against Defendant Tennant in an amount to be determined by the Court, together with special damages for her mental and physical injuries, and costs herein expended, for such other and further relief as this Court may deem just and proper.

## COUNT XII – DEFENDANT CITY OF HERMANN POLICE CHIEF FRANK TENNANT –NEGLIGENT SUPERVISION

251.     Plaintiff fully and completely incorporates paragraphs 1-250 in Count XII of the Petition.

252.     That at times relevant to the counts herein, Defendant Tennant was the supervisor of Marty Rainey in his work as a Hermann Police Department police officer.

253.     That at times relevant to the counts herein, Marty Rainey was acting in his capacity as a Hermann Police Department Police Officer and using his employment as a police officer to further his illegitimate intentions regarding Jane Doe; Marty Rainey was therefore acting in the scope and course of his employment with the City of Hermann.

254.     That at times relevant to the counts herein, Defendant Tennant was the supervisor of Defendants Neace, Mayberry, Miller, and Straatmann in their work as a Hermann Police Department Police Officers.

255.     That at times relevant to the counts herein, Defendants Walker, Tennant, Neace, Mayberry, Miller, and Straatmann were acting in their capacity as Hermann Police Department Police Officers and using their employment as police officers to engaged in actions designed to discriminate, intimidate, harass and retaliate against Jane Doe; Defendants were therefore acting in the scope and course of their employment with the City of Hermann.

256.     That the City of Hermann Police Department maintained a number of policies designed to protect citizens like Jane Doe, which governed police officers' interactions with citizens, suspects, and criminal elements.

257.     That upon information and belief, Defendant Tennant knew or should have known that Marty Rainey was violating department policies designed to protect citizens like Jane Doe.

258.     That upon information and belief, the Defendant Tennant knew or should have known that Defendants Neace, Mayberry, Miller, and Straatmann were violating department policies designed to protect citizens like Jane Doe.

259.     That upon information and belief, Marty Rainey, throughout his employment as a police officer, had regularly and persistently pursued inappropriate contact and relationships with women whom he met through his duties as a law enforcement officer, in violation of department policies.

260.     That Defendant Tennant was reckless and careless by failing to supervise Marty Rainey's compliance with department policies.

261.     That as a direct and proximate result of Defendant Tennant's recklessness and carelessness, Marty Rainey was able to use his authority to coerce Jane Doe into forceful and nonconsensual sexual intercourse with him.

262.     That upon information and belief, Defendants Neace, Mayberry, Miller, and Straatmann, throughout their employment as a police officers and under Defendant Tennant's supervision, engaged in actions designed to discriminate, intimidate, harass and retaliate against Jane Doe, in violation of department policies.

263.     That Defendant Tennant was reckless and careless by failing to supervise Defendants Neace, Mayberry, Miller, and Straatmann's compliance with department policies.

264.     That as a direct and proximate result of Defendant Tennant's recklessness and carelessness, Defendants Neace, Mayberry, Miller, and Straatmann were able to use their employment to engaged in actions designed to discriminate, intimidate, harass and retaliate against Jane Doe.

265.     That as a direct and proximate result of Defendant Tennant's negligent supervision, Jane Doe suffered physical and emotional damages, said injuries consisted of, but not limited to: She was suicidal and suffered mental and emotional damages after her interactions with Marty Rainey and Defendants; she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; she endured a loss of personal freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, anxiety, and was forced to require hospitalization for physical and mental injuries due to Tennant's actions.

WHEREFORE, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for Judgment against Defendant Tennant in an amount to be determined by the Court, together with special damages for her mental and physical injuries, and costs herein expended, for such other and further relief as this Court may deem just and proper.

## COUNT XIII – DEFENDANT FORMER CITY OF HERMANN POLICE CHIEF FRANK TENNANT – RETALIATION FOR EXERCISE OF FIRST AMENDMENT RIGHTS

266.    Plaintiff fully and completely incorporates paragraphs 1-265 in Count XIII of this Petition and brings this claim under 42 U.S.C. § 1983.

267.    Plaintiffs' speech as described above constitutes constitutionally protected speech regarding the Police Department.

268.    That at times relevant to the counts herein, Defendant Tennant was the supervisor of the Defendant City of Hermann Police Department Police Officers.

269.    The conduct of Defendant Tennant occurred under color of state law.  Defendant Tennant deprived Jane Doe of her constitutionally protected speech while acting under color of state law.

270.    The above-alleged conduct of Defendant Tennant arose as a retaliation for Jane's Does exercise of her constitutionally protected right to freedom of speech.

271.    Defendant Tennant's conduct was intended to harass, intimidate and retaliate against Jane Doe for her exercise of her constitutionally protected right to freedom of speech.

272.    Jane Doe's speech was a substantial motivating factor for Defendant Tennant's wrongful conduct.

273.    Jane Doe's speech concerned matters of public concern and, as such, constitutes the highest degree of speech protected by the First Amendment.

274.    The acts perpetrated by Defendant Tennant were done in furtherance of the City of Hermann's policy to intimidate, penalize or retaliate against those who exercise their rights in a way which the City of Hermann does not like.

275.     That upon information and belief, Defendant Tennant knew or should have known that the Defendant Police Officers were violating department policies designed to protect citizens like Jane Doe.

276.     That Defendant Tennant acted with reckless disregard and with actual malice which amounted to a deliberate indifference to Jane Doe's constitutional rights.

277.     That as a direct and proximate result of Defendant Tennant's violation of Jane Doe's constitutional rights, Jane Doe suffered physical and emotional damages, said injuries consisted of, but not limited to:   She was suicidal and suffered mental and emotional damages after her interactions with Marty Rainey and Defendants; she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; she endured a loss of personal freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, anxiety, and was forced to require hospitalization for physical and mental injuries due to the City Hermann's actions.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for Judgment against Defendant Tennant in an amount to be determined by the Court, together with special damages for her mental and physical injuries, and costs herein expended, for such other and further relief as this Court may deem just and proper.

## COUNT XIV – DEFENDANT HERMANN POLICE CHIEF FRANK TENNANT – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

278.     Plaintiff fully and completely incorporates paragraphs 1-277 in Count XIV of this Petition.

279.     That at times relevant to the counts herein, Defendant Tennant was the supervisor of Marty Rainey in his work as a Hermann Police Department Police Officer.

280.     That at all times relevant to the counts herein, Marty Rainey was on duty, in uniform, operating a Hermann Police Department patrol vehicle, and using his employment as a police officer to further his illegitimate intentions regarding Jane Doe; Marty Rainey was therefore acting in the scope and course of his employment with the City of Hermann.

281.     That on or about January 29, 2012, Marty Rainey came into contact with Jane Doe regarding the aforementioned police report call to her home and obtained her address and telephone contact information, and proceeded to incessantly contact Jane Doe.

282.     That between January 29, 2012 and February 20, 2012, and while performing his duties as a City of Hermann Police Officer, Marty Rainey knowingly and purposely inflicted emotional distress on Jane Doe by sending 1,670 texts messages to Jane Doe's phone, many of which were sexually explicit in nature.  Marty Rainey exchanged 84 text messages with Jane Doe in the first day he obtained her cell phone number.

283.     That on January 29, 2012, Marty Rainey began sending Jane Doe texts, which quickly became sexual in nature.  Marty Rainey asked Jane Doe to text nude photographs of herself.  Marty Rainey threatened Jane Doe that if she did not do so, he would not help her mother with the investigation of vandalism.

284.     That after January 29, 2012 Marty Rainey told Jane Doe numerous times that if she did not adhere to his sexual requests he would not help her mother with his vandalism investigation and her mother would be in trouble with the law.

285.     That Marty Rainey used the threat of arresting Jane Doe's mother to induce Jane Doe into making painful decisions for the sake of her mother's freedom.

286.     That Marty Rainey used his knowledge of Jane Doe's severely strained mental and emotional condition and his authority and position as a police officer to induce Jane Doe into

traveling with to Mr. Pohlmann's residence in Owensville, Missouri with the expectation that only additional improper and unwanted sexual encounter with him would ensure her mother's freedom.

287.    That Marty Rainey's outrageous and intentional actions were undertaken solely for the purpose of causing extreme emotional and physical distress to Jane Doe.

288.    That as a proximate result of Marty Rainey's intentional and outrageous acts, while acting in the scope and course of his employment with the City of Hermann, Jane Doe suffered emotional damages, to wit: she suffered from severe and prolonged emotional anguish and depression, and she will continue to suffer from severe anguish and depression in the future; she suffered from intense anxiety and loss of dignity, and she will continue to suffer such emotional damages in the future.

WHEREFORE, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for Judgment against Defendant Tennant in an amount to be determined by the Court, together with special damages for her mental and physical injuries, and costs herein expended, for such other and further relief as this Court may deem just and proper.

## COUNT XV – DEFENDANT CITY OF HERMANN POLICE OFFICER CHRISTOPHER NEACE – RETALIATION FOR EXERCISE OF FIRST AMENDMENT RIGHTS

289.    Plaintiff fully and completely incorporates paragraphs 1-288 in Count XV of this Petition and brings this claim under 42 U.S.C. § 1983.

290.    Plaintiffs' speech as described above constitutes constitutionally protected speech regarding the Police Department.

291.    That at all times relevant to the counts herein, Defendant Neace was employed as a City of Hermann Police Department Police Officer.

292.    The conduct of Defendant Neace occurred under color of state law.  Defendant Neace deprived Jane Doe of her constitutionally protected speech while acting under color of state law.

293.    The above-alleged conduct of Defendant Neace arose as a retaliation for Jane's Does exercise of her constitutionally protected right to freedom of speech.

294.    Defendant Neace's conduct was intended to harass, intimidate and retaliate against Jane Doe for her exercise of her constitutionally protected right to freedom of speech.

295.    Jane Doe's speech was a substantial motivating factor for Defendant Neace's wrongful conduct.

296.    Jane Doe's speech concerned matters of public concern and, as such, constitutes the highest degree of speech protected by the First Amendment.

297.    The acts perpetrated by Defendant Neace were done in furtherance of the City of Hermann's policy to intimidate, penalize or retaliate against those who exercise their rights in a way which the City of Hermann does not like.

298.    That upon information and belief, Defendant Neace knew or should have known that he was violating department policies designed to protect citizens like Jane Doe.

299.    That Defendant Neace acted with reckless disregard and with actual malice which amounted to a deliberate indifference to Jane Doe's constitutional rights.

300.    That as a direct and proximate result of Defendant Neace's violation of Jane Doe's constitutional rights, Jane Doe suffered physical and emotional damages, said injuries consisted of, but not limited to:   She was suicidal and suffered mental and emotional damages after her interactions with Marty Rainey and Defendants; she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; she

48

endured a loss of personal freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, anxiety, and was forced to require hospitalization for physical and mental injuries due to the City Hermann's actions.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for Judgment against Defendant Neace in an amount to be determined by the Court, together with special damages for her mental and physical injuries, and costs herein expended, for such other and further relief as this Court may deem just and proper.

## COUNT XVI – DEFENDANT CITY OF HERMANN POLICE OFFICER SHAWN MAYBERRY – RETALIATION FOR EXERCISE OF FIRST AMENDMENT RIGHTS

301.    Plaintiff fully and completely incorporates paragraphs 1-300 in Count XVI of this Petition and brings this claim under 42 U.S.C. § 1983.

302.    Plaintiffs' speech as described above constitutes constitutionally protected speech regarding the Police Department.

303.    That at all times relevant to the counts herein, Defendant Mayberry was employed as a City of Hermann Police Department Police Officer.

304.    The conduct of Defendant Mayberry occurred under color of state law.  Defendant Mayberry deprived Jane Doe of her constitutionally protected speech while acting under color of state law.

305.    The above-alleged conduct of Defendant Mayberry arose as a retaliation for Jane's Does exercise of her constitutionally protected right to freedom of speech.

306.    Defendant Mayberry's conduct was intended to harass, intimidate and retaliate against Jane Doe for her exercise of her constitutionally protected right to freedom of speech.

307.   Jane Doe's speech was a substantial motivating factor for Defendant Mayberry's wrongful conduct.

308.   Jane Doe's speech concerned matters of public concern and, as such, constitutes the highest degree of speech protected by the First Amendment.

309.   The acts perpetrated by Defendant Mayberry were done in furtherance of the City of Hermann's policy to intimidate, penalize or retaliate against those who exercise their rights in a way which the City of Hermann does not like.

310.   That upon information and belief, Defendant Mayberry knew or should have known that he was violating department policies designed to protect citizens like Jane Doe.

311.   That Defendant Mayberry acted with reckless disregard and with actual malice which amounted to a deliberate indifference to Jane Doe's constitutional rights.

312.   That as a direct and proximate result of Defendant Mayberry's violation of Jane Doe's constitutional rights, Jane Doe suffered physical and emotional damages, said injuries consisted of, but not limited to:   She was suicidal and suffered mental and emotional damages after her interactions with Marty Rainey and Defendants; she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; she endured a loss of personal freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, anxiety, and was forced to require hospitalization for physical and mental injuries due to the City Hermann's actions.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for Judgment against Defendant Mayberry in an amount to be determined by the Court, together with special damages for her mental and physical injuries, and costs herein expended, for such other and further relief as this Court may deem just and proper.

## COUNT XVII – DEFENDANT CITY OF HERMANN POLICE OFFICER MATTHEW MILLER – RETALIATION FOR EXERCISE OF FIRST AMENDMENT RIGHTS

313.    Plaintiff fully and completely incorporates paragraphs 1-312 in Count XVII of this Petition and brings this claim under 42 U.S.C. § 1983.

314.    Plaintiffs' speech as described above constitutes constitutionally protected speech regarding the Police Department.

315.    That at all times relevant to the counts herein, Defendant Miller was employed as a City of Hermann Police Department Police Officer.

316.    The conduct of Defendant Neace occurred under color of state law.  Defendant Miller deprived Jane Doe of her constitutionally protected speech while acting under color of state law.

317.    The above-alleged conduct of Defendant Miller arose as a retaliation for Jane's Does exercise of her constitutionally protected right to freedom of speech.

318.    Defendant Miller's conduct was intended to harass, intimidate and retaliate against Jane Doe for her exercise of her constitutionally protected right to freedom of speech.

319.    Jane Doe's speech was a substantial motivating factor for Defendant Miller's wrongful conduct.

320.    Jane Doe's speech concerned matters of public concern and, as such, constitutes the highest degree of speech protected by the First Amendment.

321.    The acts perpetrated by Defendant Miller were done in furtherance of the City of Hermann's policy to intimidate, penalize or retaliate against those who exercise their rights in a way which the City of Hermann does not like.

322.     That upon information and belief, Defendant Miller knew or should have known that he was violating department policies designed to protect citizens like Jane Doe.

323.     That Defendant Miller acted with reckless disregard and with actual malice which amounted to a deliberate indifference to Jane Doe's constitutional rights.

324.     That as a direct and proximate result of Defendant Miller's violation of Jane Doe's constitutional rights, Jane Doe suffered physical and emotional damages, said injuries consisted of, but not limited to:   She was suicidal and suffered mental and emotional damages after her interactions with Marty Rainey and Defendants; she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; she endured a loss of personal freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, anxiety, and was forced to require hospitalization for physical and mental injuries due to the City Hermann's actions.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for Judgment against Defendant Miller in an amount to be determined by the Court, together with special damages for her mental and physical injuries, and costs herein expended, for such other and further relief as this Court may deem just and proper.

## COUNT XVIII – DEFENDANT CITY OF HERMANN POLICE OFFICER MATTHEW STRAATMANN – RETALIATION FOR EXERCISE OF FIRST AMENDMENT RIGHTS

325.     Plaintiff fully and completely incorporates paragraphs 1-324 in Count XVIII of this Petition and brings this claim under 42 U.S.C. § 1983.

326.     Plaintiffs' speech as described above constitutes constitutionally protected speech regarding the Police Department.

327.     That at all times relevant to the counts herein, Defendant Straatmann was employed as a City of Hermann Police Department Police Officer.

328.     The conduct of Defendant Straatmann occurred under color of state law.  Defendant Straatmann deprived Jane Doe of her constitutionally protected speech while acting under color of state law.

329.     The above-alleged conduct of Defendant Straatmann arose as a retaliation for Jane's Does exercise of her constitutionally protected right to freedom of speech.

330.     Defendant Straatmann's conduct was intended to harass, intimidate and retaliate against Jane Doe for her exercise of her constitutionally protected right to freedom of speech.

331.     Jane Doe's speech was a substantial motivating factor for Defendant Straatmann's wrongful conduct.

332.     Jane Doe's speech concerned matters of public concern and, as such, constitutes the highest degree of speech protected by the First Amendment.

333.     The acts perpetrated by Defendant Straatmann were done in furtherance of the City of Hermann's policy to intimidate, penalize or retaliate against those who exercise their rights in a way which the City of Hermann does not like.

334.     That upon information and belief, Defendant Straatmann knew or should have known that he was violating department policies designed to protect citizens like Jane Doe.

335.     That Defendant Straatmann acted with reckless disregard and with actual malice which amounted to a deliberate indifference to Jane Doe's constitutional rights.

336.     That as a direct and proximate result of Defendant Straatmann's violation of Jane Doe's constitutional rights, Jane Doe suffered physical and emotional damages, said injuries consisted of, but not limited to:   She was suicidal and suffered mental and emotional damages after

her interactions with Marty Rainey and Defendants; she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; she endured a loss of personal freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, anxiety, and was forced to require hospitalization for physical and mental injuries due to the City Hermann's actions.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for Judgment against Defendant Straatmann in an amount to be determined by the Court, together with special damages for her mental and physical injuries, and costs herein expended, for such other and further relief as this Court may deem just and proper.

## COUNT XIX – DEFENDANT JOHN DOE – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

337.    Plaintiff fully and completely incorporates paragraphs 1-336 in Count XIX of this Petition.

338.    Title II of the ADA applies to John Doe as a public entity.  Title II of the ADA protects qualified individuals with a disability from being "subjected to discrimination by any [public] entity," by reason of his or her disability.  42 U.S.C. § 12132.

339.    A public entity is liable for the vicarious acts of any of its employees that violate the ADA.

340.    That at times relevant to the counts herein, Marty Rainey was acting in his capacity as an Officer and using his employment as a police officer to discriminate against Jane Doe; Marty Rainey was therefore acting in the scope and course of his employment with the John Doe.

341.    Jane Doe was known to Marty Rainey to have a mental disability.  She was totally incapacitated and totally disabled by reason of her mental condition during the time relevant to the incident and is thus a qualified person with a disability protected by the ADA.

342.     That from the time of the initial contact on January 29, 2012 to February 20, 2012, Marty Rainey failed to adequately accommodate Jane Doe and used the apparent and inherent authority of a police offer to discriminate against Jane Doe.  Marty Rainey coerced Jane Doe into having nonconsensual sexual intercourse with both him and Mr. Pohlmann, thereby directly discriminating against her.

343.     That between January 29, 2012 and February 20, 2012, Marty Rainey sent 1,670 texts messages to Jane Doe's phone, many of which were sexually explicit in nature.  Marty Rainey exchanged 84 text messages with Jane Doe in the first day he obtained her cell phone number.

344.     Marty Rainey discriminated against Jane Doe due to her disability under Title II of the ADA.

345.     Defendant John Doe is liable for the acts of its employee, Marty Rainey, under Title II of the ADA.

346.     That as a direct and proximate result of r Marty Rainey's discrimination against Jane Doe due to her disability, Defendant John Doe violated Title II of the ADA.

347.     That as a direct and proximate result of Defendant John Doe's discrimination,  Jane Doe suffered physical and emotional damages, said injuries consisted of, but not limited to:   She was suicidal and suffered mental and emotional damages after her interactions with Marty Rainey; she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; she endured a loss of personal freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, anxiety, and was forced to require hospitalization for physical and mental injuries due to John Doe's actions.

WHEREFORE, pursuant to Title II of the ADA, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for Judgment against Defendant John Doe in an amount determined

by this Court; for attorney's fees and costs; and, together with special damages for mental and physical injuries, and costs herein expended, for such other and further relief as this Court may deem just and proper.

## COUNT XX – DEFENDANT JOHN DOE – VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT

348.    Plaintiff fully and completely incorporates paragraphs 1-347 in Count XX of this Petition.

349.    Defendant John Doe has been, and is, a recipient of federal funds, and thus is covered by the mandate of Section 504 of the Rehabilitation Act.  Section 504 requires that no otherwise qualified individual with a disability in the United States shall, by reason of his or her disability, be subjected to discrimination under any program or activity receiving Federal financial assistance.

350.    A public entity is liable for the vicarious acts of any of its employees that violate the Rehabilitation Act.

351.    That at times relevant to the counts herein, Marty Rainey was acting in his capacity as an Officer and using his employment to discriminate against Jane Doe; Marty Rainey was therefore acting in the scope and course of his employment with John Doe.

352.    Jane Doe was known to Marty Rainey to have a mental disability.  She was totally incapacitated and totally disabled by reason of her mental condition during the time relevant to the incident and is thus a qualified person with a disability protected by Section 504.

353.    That from the time of the initial contact on January 29, 2012 to February 20, 2012, Marty Rainey failed to adequately accommodate Jane Doe and used the apparent and inherent authority of a police offer to discriminate against Jane Doe.  Marty Rainey coerced Jane Doe into

having nonconsensual sexual intercourse with both him and Mr. Pohlmann, thereby directly discriminating against her.

354.    That between January 29, 2012 and February 20, 2012, Marty Rainey sent 1,670 texts messages to Jane Doe's phone, many of which were sexually explicit in nature.  Marty Rainey exchanged 84 text messages with Jane Doe in the first day he obtained her cell phone number.

355.    Marty Rainey discriminated against Jane Doe due to her disability under Section 504 of the Rehabilitation Act.

356.    Defendant John Doe is liable for the acts of its employee, Marty Rainey, under Section 504 of the Rehabilitation Act.

357.    That as a direct and proximate result of Marty Rainey's discrimination against Jane Doe due to her disability, Defendant John Doe violated Section 504 of the Rehabilitation Act.

358.    That as a direct and proximate result of Defendant John Doe's discrimination,  Jane Doe suffered physical and emotional damages, said injuries consisted of, but not limited to:   She was suicidal and suffered mental and emotional damages after her interactions with Marty Rainey; she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; she endured a loss of personal freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, anxiety, and was forced to require hospitalization for physical and mental injuries due to John Doe's actions.

WHEREFORE, pursuant to Section 504 of the Rehabilitation Act, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for Judgment against Defendant John Doe in an amount determined by this Court; for attorney's fees and costs; and, together with special damages for mental and physical injuries, and costs herein expended, for such other and further relief as this Court may deem just and proper.

## COUNT XXI – DEFENDANT JOHN DOE – RETALIATION FOR EXERCISE OF FIRST AMENDMENT RIGHTS

359.     Plaintiff fully and completely incorporates paragraphs 1-358 in Count XXI of this Petition and brings this claim under 42 U.S.C. § 1983.

360.     Plaintiffs' speech as described above constitutes constitutionally protected speech regarding the Police Department.

361.     That at all times relevant to the counts herein, Defendant John Doe was employed as a City of Hermann Police Department Police Officer.

362.     The conduct of Defendant John Doe occurred under color of state law.  Defendant John Doe deprived Jane Doe of her constitutionally protected speech while acting under color of state law.

363.     The above-alleged conduct of Defendant John Doe arose as a retaliation for Jane's Does exercise of her constitutionally protected right to freedom of speech.

364.     Defendant John Doe's conduct was intended to harass, intimidate and retaliate against Jane Doe for her exercise of her constitutionally protected right to freedom of speech.

365.     Jane Doe's speech was a substantial motivating factor for Defendant John Doe's wrongful conduct.

366.     Jane Doe's speech concerned matters of public concern and, as such, constitutes the highest degree of speech protected by the First Amendment.

367.     The acts perpetrated by Defendant John Doe were done in furtherance of the City of Hermann's policy to intimidate, penalize or retaliate against those who exercise their rights in a way which the City of Hermann does not like.

368.     That upon information and belief, Defendant John Doe knew or should have known that he was violating department policies designed to protect citizens like Jane Doe.

369.    That Defendant John Doe acted with reckless disregard and with actual malice which amounted to a deliberate indifference to Jane Doe's constitutional rights.

370.    That as a direct and proximate result of Defendant Miller's violation of Jane Doe's constitutional rights, Jane Doe suffered physical and emotional damages, said injuries consisted of, but not limited to:   She was suicidal and suffered mental and emotional damages after her interactions with Marty Rainey and Defendants; she suffered and continues to suffer from severe and prolonged mental anguish; she suffered and will continue to suffer from intense anxiety; she endured a loss of personal freedom; and she suffered and continues to suffer humiliation, indignity, disgrace, stress, fear, anxiety, and was forced to require hospitalization for physical and mental injuries due to the City Hermann's actions.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Jane Doe, by and through her legal guardian, Plaintiff D.P., prays for Judgment against Defendant John Doe in an amount to be determined by the Court, together with special damages for her mental and physical injuries, and costs herein expended, for such other and further relief as this Court may deem just and proper.

**Respectfully submitted,**

**Goffstein Law, LLC**

/s/ Adam M. Goffstein_____
**Adam M. Goffstein, #46511MO**
Goffstein Law, LLC
7777 Bonhomme, Suite 1910
St. Louis, Missouri 63105
Phone:  (314) 725-5151
Fax:  (314) 725-5161
adam@goffsteinlaw.com

Attorney for Plaintiff

**Orlowsky Law, LLC**


/s/ Daniel J. Orlowsky_____
**Daniel J. Orlowsky, #57387MO**
7777 Bonhomme, Suite 1910
St. Louis, Missouri 63105
Phone:  (314) 725-5151
Fax:  (314) 725-5161
dan@orlowskylaw.com

Attorney for Plaintiff


## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of October, 2017, the foregoing was filed electronically

with the Clerk of Court, served via the Court's CM/ECF system to all parties of record.


/s/Adam M. Goffstein_____