UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| D.P., LEGAL GUARDIAN FOR JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17CV00308 AGF |
| | ) |
| CITY OF HERMANN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This case, filed under 42 U.S.C. § 1983, arises out the alleged sexual abuse of Jane Doe ("Plaintiff") by Marty Rainey, a police officer of the City of Hermann, Missouri, (the "City"), and the actions of other City police officers after Plaintiff reported the abuse. The matter is before the Court on Plaintiff's motion for leave to file a Third Amended Complaint out of time. For the reasons set forth below, the motion will be denied.

Plaintiff, who is mentally disabled, initiated this action on January 30, 2017. On October 5, 2017, she filed the current operative complaint – the 21-count, 61-page Second Amended Complaint against the City, the present and former chiefs of the City's police department, six City police officers, and John Doe (identified as an entity). The Second Amended Complaint was filed on October 5, 2017, the deadline under the Case Management Order ("CMO") for filing amendments. It includes a multitude of claims against Defendants, variously: Violations of the American with Disabilities Act ("ADA")

and the Rehabilitation Act ("RA"), willful and negligent failure to supervise the six individual Defendants, retaliation for exercise of First Amendment rights, and intentional infliction of emotional distress. The extent of Plaintiff's mental disability is not clear from the record, but Plaintiff's disclosures state that she is expected to testify.

On January 5, 2018, the individual Defendants filed a motion to dismiss for failure to state claims as to them. That motion was fully briefed as of February 16, 2017. In the motion now under consideration, filed on May 16, 2018, Plaintiff asks for leave to file a Third Amended Complaint that adds two new Defendants – Montgomery County, Missouri; and Brain McGowan, who allegedly sexually abused Plaintiff in a manner similar to Rainey, from June 2013 to March 2018, while McGowan was a police officer for the City and then for Montgomery County. Plaintiff's counsel asserts that Plaintiff first told her guardian about these new allegations until March 2018. The Third Amended Complaint adds direct claims against McGowan and also adds him to the list of officers the City allegedly failed to supervise in the claims of willful and negligent failure to supervise. In addition, two new claims are added against Montgomery County for violation of the ADA and the RA. The proposed Third Amended Complaint also adds "more specific" allegations related to the claims that the City violated the ADA and the RA, allegations that are not based on the facts Plaintiff's counsel recently learned.

Plaintiff asserts that her counsel was diligent in moving for leave to amend soon after he learned of the alleged abuse by McGowan. Counsel asserts that Plaintiff did not tell anyone about McGowan's conduct until March 2018. Plaintiff also argues that Defendants, including the City, would not be prejudiced if the motion for leave were

2

granted. Plaintiff does not explain why the proposed changes to the ADA and RA claims against Defendants were not raised sooner.

The Court agrees with Defendants that the motion for leave to amend should be denied. Federal Rule of Civil Procedure 15(a)(2) provides that amendments by leave should be granted where justice requires. When a plaintiff seeks to amend a complaint outside of the time provided in a CMO, Rule 16(b)(4) must be satisfied: A schedule may be modified "only for good cause." Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements. . . . [Prejudice to the nonmovant resulting from modification of the scheduling order" is also may also be a relevant factor. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008).

The Court does not believe that diligence in this context is measured by how quickly counsel moved for leave to amend after the grounds for the amendment were revealed to him, but by Plaintiff's own diligence in asserting the claims she seeks to add to this action. This is not a case where there are newly-discovered facts, but rather a case where the plaintiff did not tell counsel about old facts. Plaintiff herself can hardly be said to have been diligent in bringing forth McGowan's alleged abuse. Furthermore, Plaintiff's claims based on McGowan's alleged abuse are separate and apart from her claims in the Second Amendment Complaint, which are all based on Rainey's alleged abuse and her reporting that conduct. Plaintiff is free to file a separate lawsuit against the City and the two Defendants she seeks to add to this action, based on the allegations of abuse by McGowan. Adding her new claims to this lawsuit at this time would unduly

prejudice Defendants herein, for the reasons Defendant asserts in response to Plaintiff's motion for leave to amend. The Court finds no good cause to allow Plaintiff to amend her ADA and RA claims against the City, as Plaintiff has not shown diligence with respect to the proposed changes.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to file the proposed Third Amended Complaint is **DENIED**. (ECF No. 80.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 21st day of June, 2018.