UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| D.P., LEGAL GUARDIAN FOR JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17CV00308 AGF |
| ) | |
| GASCONADE COUNTY, MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

D.P., on behalf of Jane Doe (Plaintiff), a mentally disabled adult, brought this suit under the Americans with Disabilities Act and the Civil Rights Act, alleging that Plaintiff was subjected to repeated sexual abuse by a police officer of the City of Hermann and retaliatory harassment by other officers. Defendants are: the City of Hermann; its Chief of Police, Marlon Walker; its former Chief of Police, Frank Tennant; and police officers Christopher Neace, Shawn Mayberry, Matthew Miller, Matthew Straatmann; and John Doe.[1]

This matter is before the Court on the individual Defendants' motion to dismiss (ECF No. 69) the counts against them in Plaintiff's second amended complaint (ECF No. 48) for failure to state a claim on which relief can be granted. For the reasons set forth below, Defendants' motion will be denied.

---

[1] Other defendants named in the original and first amended complaint have been voluntarily dismissed with prejudice.

# BACKGROUND

Plaintiff alleges the following facts. On January 29, 2012, Officer Marty Rainey (now deceased) responded to Plaintiff's residence after her family vehicle was vandalized. Having obtained Plaintiff's phone number from that response, Rainey began calling and texting Plaintiff incessantly. Plaintiff has an IQ of 59. Between January 29 and February 20, Rainey sent Plaintiff a total of 1,670 text messages, many of which were sexually explicit. Sometime shortly after January 29, Rainey introduced Plaintiff to Jonathan Pohlmann. On multiple occasions between February 5 and 18, Plaintiff was taken to Pohlmann's residence where Pohlmann and Rainey had sex with her. After the last encounter, Plaintiff awoke remembering feeling drugged the previous night. Rainey and Pohlmann showed her photos of both of them having sex with her. Later that day, Plaintiff sought medical treatment for genital injuries.

Plaintiff reported these events to the Gasconade County sheriff's office in October 2012. The Hermann police department was informed sometime shortly thereafter. Plaintiff alleges that, in retaliation for her disclosure, over the next four years, from January 2013 to March 2017, the Defendant officers harassed and intimidated her on approximately 80 occasions. Among the actions described in Plaintiff's complaint, Plaintiff alleges that Defendants created 40 incident reports against her (e.g., citations for peace disturbance and other minor infractions), telephoned her, followed her, taunted her, threatened her, staked out her residence, and entered her home without consent. When Plaintiff and her family complained of Defendants' actions, the harassment only escalated.

Based on the foregoing allegations of retaliation, Plaintiff filed a complaint that, as now amended, asserts 21 counts against the City of Hermann and the individual Defendant officers. As relevant to the present motion, Defendants challenge the following counts for failure to state a claim.[2] Counts 7 through 9 are asserted against Chief Walker for willful failure to supervise, negligent supervision, and retaliation for exercise of First Amendment rights. Counts 11 through 13 are asserted against Chief Tennant on the same theories. Counts 15 through 18 assert the same First Amendment retaliation claim against officers Neace, Mayberry, Miller, and Straatmann.

With respect to the supervisory claims specific to Chiefs Walker and Tennant, Defendants contend that: (1) Plaintiff's pleadings are insufficient and conclusory, (2) Plaintiff's claims for failure to supervise are barred by qualified immunity, and (2) Plaintiff's claims for negligent supervision are barred by official immunity and the public duty doctrine. With respect to the First Amendment retaliation claims against all six individuals, Defendants contend that Plaintiff's pleadings are insufficient and her claims are barred by qualified immunity.

In response, Plaintiff counters that: (1) her pleadings satisfy Rule 12(b)(6) standards, (2) immunity is an affirmative defense and thus premature at this stage, and (3) even reaching the merits, Defendants are not entitled to immunity.

---

[2] Plaintiff's complaint asserts six counts against the City of Hermann for (1) violations of the American with Disabilities Act; (2) violations of the Rehabilitation Act; (3) willful failure to supervise Rainey, Neace, Mayberry, Miller, and Straatman; (4) negligent failure to supervise Rainey, Neace, Mayberry, Miller, and Straatman; (5) retaliation for exercise of First Amendment rights; and (6) intentional infliction of emotional distress. Plaintiff dismissed counts 10 and 14 against Chief Walker and Chief Tennant for intentional infliction of emotional distress. Counts 19 through 21 are asserted against John Doe.

## DISCUSSION

Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "This standard does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement. *Id.*

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The reviewing court must accept the plaintiff's factual allegations as true and construe them in the plaintiff's favor, but the court is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Id.*; *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012).

### Federal Claims

Plaintiff's claims for First Amendment retaliation and willful failure to supervise are brought under the Civil Rights Act, 42 U.S.C. §1983. To state a claim under §1983, a

plaintiff must allege that: (1) the defendant acted under color of state law and (2) the alleged conduct deprived the plaintiff of a constitutionally protected federal right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). With respect to these claims, Defendants contend that: (1) Plaintiff's factual pleadings are insufficient and (2) Defendants are shielded from liability under the doctrine of qualified immunity. The Court first will examine the sufficiency of the complaint as to each theory of liability. Then, given the nature of actions alleged, the Court will address immunity as to both theories.

**First Amendment Retaliation (Counts 9, 13, 15-18)**

The First Amendment "prohibits government officials from subjecting an individual to retaliatory actions . . . on the basis of his constitutionally protected speech." *Osborne v. Grussing*, 477 F.3d 1002, 1005 (8th Cir. 2007). "A citizen's right to exercise First Amendment freedoms without facing retaliation from government officials is clearly established." *Baribeau v. City of Minneapolis*, 596 F. 3d 465, 481 (8th Cir. 2010).

To prevail on a First Amendment retaliation claim, a plaintiff must show that: (1) she engaged in protected activity, (2) the defendant's actions caused the plaintiff injury that would chill a person of ordinary firmness from continuing to engage in the activity, and (3) a causal connection exists between the retaliatory animus and the injury. *Clary v. City of Cape Girardeau*, 165 F. Supp. 3d 808, 825 (E.D. Mo. 2016). Plaintiff's complaint sufficiently pleads these three elements. First, "[s]peech warrants protection when it seeks to bring to light actual or potential wrongdoing or breach of public trust." *Dahlia v. Rodriguez*, 735 F.3d 1060, 1067 (9th Cir. 2013). Plaintiff's report of Rainey's

abuse exposed actual wrongdoing by a law enforcement officer. Second, accepting as true Plaintiff's factual allegations, Defendants' actions caused her injury that would chill an ordinary person from engaging in such speech. Third, Plaintiff alleges a causal connection. "Under the third prong, a plaintiff must show that the retaliatory motive was a 'substantial factor' or 'but-for cause' of the adverse action. In other words, the plaintiff must show [she] was singled out because of [her] exercise of constitutional rights." *Clary*, 165 F.Supp.3d at 825. Retaliatory motive may be proven by circumstantial evidence giving rise to an inference of retaliatory intent. *Id*. The causal connection is a jury question unless it is so free from doubt as to justify taking it from the jury. *Id*.

In support of their motion to dismiss, Defendants argue that Plaintiff's complaint is facially inadequate because: (1) it fails to allege that Defendants had individual knowledge of her report of Rainey's abuse, (2) Plaintiff's allegation of retaliatory animus is conclusory, and (3) in some instances Plaintiff fails to identify which Defendant committed which alleged act. Defendants' arguments ignore the Rule 12(b)(6) standard: "We accept as true the non-moving party's factual allegations and grant the non-moving party all reasonable inferences from the pleadings." *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 981 (8th Cir. 2008). Plaintiff's complaint avers that the Hermann police department was informed of Plaintiff's report against Rainey, after which individual Defendants tormented Plaintiff as a result of her disclosure. This fairly implies that they knew of Plaintiff's report. And Plaintiff's allegation of retaliatory animus is not conclusory; it is illustrated by numerous patterns of behavior and specific events described in the complaint. Individual Defendants are identified in some instances, and

6

further attribution may be developed in discovery.

"Determining whether a complaint states a plausible claim for relief … [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Iqbal*, 556 U.S. at 679. Drawing on both and viewing Plaintiff's complaint through the lens of the aforementioned standards of review, the Court finds Plaintiff's factual pleadings sufficient to survive Defendants' Rule 12(b)(6) challenge.

**Willful Failure to Supervise (Counts 7 & 11)**

Supervisory personnel are not liable under §1983 for the actions of their subordinates, "absent a showing of direct responsibility for the improper action or personal involvement of the officer being sued." *Burke v. Mo. Dep't of Corr.*, No. 4:08CV2000 CDP, 2009 WL 1210625, at *1 (E.D. Mo. Apr. 30, 2009). Here, Plaintiff's complaint alleges that Chiefs Walker and Tennant personally participated in various forms of harassment of Plaintiff.

Additionally, a supervisor may be found liable for failure to supervise or control his subordinates where the plaintiff shows him to have been deliberately indifferent or to have tacitly authorized the offensive acts by failing to take remedial steps following notice of a pattern of such acts by the subordinates. *Id.* Mere negligence of the supervisor is insufficient; he "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what he might see." *Kahle v. Leonard*, 477 F.3d 544, 551 (8th Cir. 2007).

In order to show that Walker and Tennant violated Plaintiff's constitutional rights for willful failure to supervise (where they were not personally involved), Plaintiff must

7

show that: (1) they received notice of a pattern of unconstitutional acts committed by subordinates; (2) they demonstrated deliberate indifference to or tacit authorization of the offensive acts; (3) they failed to take sufficient remedial action; and (4) such failure proximately caused Plaintiff's injury. *Parrish v. Ball*, 594 F.3d 993, 1002 (8th Cir. 2010).

In support of their motion to dismiss, Defendants argue that Plaintiff fails to plead that Walker and Tennant were aware of any unconstitutional conduct against Plaintiff by Rainey or the Defendant subordinate officers. The complaint belies this assertion. As to Rainey, Plaintiff specifically alleges that Rainy regularly pursued inappropriate contact with women whom he met on duty and that Walker and Tennant knew or should have known of Rainey's conduct toward Plaintiff. Plaintiff is entitled an opportunity to prove up that allegation at trial. As to the Defendant subordinates, the complaint centrally and consistently alleges that all six individual Defendants, including Walker and Tennant, engaged in various forms of harassment and intimidation of Plaintiff. If they participated in it, then one can reasonably infer that they knew about it, condoned it, and failed to remediate it. Accepting Plaintiff's allegations as true and drawing reasonable inferences therefrom, the Court finds Plaintiff's factual pleadings sufficient.

**Qualified Immunity**

Defendants assert that all of Plaintiff's §1983 claims on the theories of First Amendment retaliation and willful failure to supervise are barred by qualified immunity. Generally, "qualified immunity is an affirmative defense, and it will be upheld on a Rule 12(b)(6) motion only where immunity is established on the face of the complaint."

8

*Harris v. Kempker*, 1:15-CV-140 SNLJ, 2018 WL 3008304, at *5 (E.D. Mo. June 15, 2018), citing *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996). "Qualified immunity is available to government officials if they have not violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Amrine v. Brooks*, 522 F.3d 823, 831 (8th Cir. 2008). "It allows officers to make reasonable errors" and provides "room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Id*. When considering whether a state official is entitled to qualified immunity, the Court must determine whether the alleged facts, viewed in the light most favorable to the injured party, demonstrate that the official's conduct violated a constitutional right and whether the constitutional right was clearly established at the time so that a reasonable officer would have understood that his conduct violated that right. *Id*.

Applying these principles to the facts alleged in Plaintiff's complaint, the Court concludes that Defendants are not entitled to dismissal on the basis of qualified immunity. "A citizen's right to exercise the constitutional freedoms to speak and to seek judicial relief without facing retaliation from government officials is clearly established." *Kilpatrick v. King*, 499 F.3d 759, 767 (8th Cir. 2007). In *Kilpatrick*, the Court recognized qualified immunity for state officials involved in an administrative decision to place Kilpatrick on a child abuse registry after he was criminally acquitted and subsequently civilly sued the agency. Reviewing the record supporting the agency's determination, the Court reasoned, "it is difficult to conclude that the defendants' decisions were actually wrong, let alone so grossly and unjustifiably wrong as to give rise to a reasonable

9

inference of retaliatory intent." *Id*. at 768. Put simply, the *Kilpatrick* defendants made a professional judgment call. Here, by contrast, Defendants' alleged acts of harassment and intimidation of a mentally disabled victim of sexual predation cannot be characterized as reasonable errors or mistakes in judgment in the performance of discretionary duties. Accepting as true the allegations in Plaintiff's complaint, a reasonable officer would have understood that such conduct violated Plaintiff's clearly established constitutional right to report Rainey's wrongdoing.

**State Claims**

**Negligent Failure to Supervise (Counts 8 & 12)**

Finally, Plaintiff asserts against Chiefs Walker and Tennant a common law tort claim for negligent supervision. Under Missouri law, a plaintiff must plead: (1) a legal duty on the part of the defendant to use ordinary care to protect the plaintiff against unreasonable risks of harm; (2) a breach of that duty; (3) a proximate cause between the breach and the resulting injury; and (4) actual damages to the plaintiff's person or property. *Davis v. Lutheran S. High Sch. Ass'n of St. Louis*, 200 S.W.3d 163, 165-66 (Mo.App. E.D. 2006). Defendants do not contend that Plaintiff's pleadings are insufficient; they assert only that her claims are barred by official immunity and the public duty doctrine.

"Official immunity protects public officials from liability for alleged acts of ordinary negligence committed during the course of their official duties for the performance of discretionary acts." *Davis v. Lambert-St. Louis Int'l Airport*, 193 S.W.3d 760, 763 (Mo. 2006). "An act is discretionary when it requires the exercise of reason in

the adaption of means to an end and discretion in determining how or whether an act should be done or a course pursued." *Id*. Official immunity protects "individual government actors who, despite limited resources and imperfect information, must exercise judgment in the performance of their duties." *Id*. at 765.

Defendants suggest that the alleged conduct of Walker and Tennant falls within the realm of discretionary acts involved in the operation and supervision of a police department. This characterization is unpersuasive given the nature of Plaintiff's allegations, accepted as true at this stage. Defendants are alleged to have committed approximately 80 separate acts of harassment and intimidation, including 40 incident reports, repeated phone calls to Plaintiff's residence, threats of arrest, stake-outs, and entry without consent. Plaintiff does not assert that Defendants merely exceeded their discretion in the course of their official duties; she contends that they had no discretion to act as they did under color of law. The Court concludes that official immunity does not shield Walker and Tennant from liability for the type of intentional conduct alleged by Plaintiff.

Under the public duty doctrine, a public employee is not civilly liable for the breach of a duty owed to the general public, as opposed to a particular individual. *Southers v. City of Farmington*, 263 S.W.3d 603, 611 (Mo. 2008). Defendants assert that the public duty doctrine shields Walker and Tennant from liability here because "a supervising police officer's duty to supervise officers in his command is a duty owed to the general public." *Id*. at 621. Defendants fail to acknowledge, however, that "the protections of the public duty doctrine are not intended to be limitless, and, just

11

as the doctrine of official immunity, will not apply to conduct that is willfully wrong or done with malice or corruption." *Id*. at 612. Plaintiff alleges conduct by Walker and Tennant that, accepted as true, was willfully wrong and done with malice, thus beyond the protections of the public duty doctrine.

Defendants are not entitled to dismissal of Plaintiff's state law claims on the basis of official immunity or the public duty doctrine.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss is **DENIED**. ECF No. 69.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 11th day of September, 2018.